1  Paul R. Kiesel (SBN 119854)
     *kiesel@kiesel.law*
2  Helen Zukin (SBN 117933)
     *zukin@kiesel.law*
3  Jeffrey A. Koncius (SBN 189803)
     *koncius@kiesel.law*
4  **KIESEL LAW LLP**
   8648 Wilshire Boulevard
5  Beverly Hills, CA 90211-2910
   Tel:  (310) 854-4444
6  Fax: (310) 854-0812

7  *Proposed Liaison Counsel for the Class*

8  Naumon A. Amjed [*Pro Hac Vice* Pending]
     *namjed@ktmc.com*
9  Darren J. Check [*Pro Hac Vice* Pending]
     *dcheck@ktmc.com*
10 Ryan T. Degnan [*Pro Hac Vice* Pending]
     *rdegnan@ktmc.com*
11 **KESSLER TOPAZ MELTZER & CHECK, LLP**
12 280 King of Prussia Road
   Radnor, PA 19087
13 Tel:  (610) 667-7706
   Fax: (610) 667-7056

Eli R. Greenstein (SBN 217945)
  *egreenstein@ktmc.com*
Jennifer L. Joost (SBN 296164)
  *jjoost@ktmc.com*
Stacey M. Kaplan (SBN 241989)
  *skaplan@ktmc.com*
**KESSLER TOPAZ MELTZER & CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax: (415) 400-3001

15 *Counsel for Arkansas Teacher Retirement System and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CORY LONGO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OSI SYSTEMS, INC., DEEPAK CHOPRA, and ALAN EDRICK,<br><br>Defendants. | No. 2:17-cv-08841-VAP-SK<br><br>CLASS ACTION<br><br>**MOVANT ARKANSAS TEACHER RETIREMENT SYSTEM'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:       March 5, 2018<br>Time:       2:00 p.m.<br>Courtroom:  8A<br>Judge:      Hon. Virginia A. Phillips<br><br>ORAL ARGUMENT REQUESTED |

| | |
|---|---|
| RYAN DOYEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OSI SYSTEMS, INC., DEEPAK CHOPRA, ALAN I. EDRICK, and AJAY MEHRA,<br><br>Defendants. | No. 2:17-cv-08855-VAP-SK |
| ERIC KERBS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OSI SYSTEMS, INC., DEEPAK CHOPRA, AJAY MEHRA, and ALAN EDRICK,<br><br>Defendants. | No. 2:17-cv-08991-VAP-SK |
| THE POLICE RETIREMENT SYSTEM OF ST. LOUIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OSI SYSTEMS, INC., DEEPAK CHOPRA, ALAN EDRICK, and AJAY MEHRA,<br><br>Defendants. | No. 2:18-cv-00894-CAS-AGR |

MOVANT ARKANSAS TEACHER RETIREMENT SYSTEM'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................ 1

II.  ARGUMENT ..................................................................................................... 3

    A.   ARKANSAS TEACHER SHOULD BE APPOINTED LEAD PLAINTIFF ........................................................................ 3

        1.   ARKANSAS TEACHER HAS THE LARGEST FINANCIAL INTEREST ............................................................. 4

        2.   ARKANSAS TEACHER SATISFIES THE REQUIREMENTS OF RULE 23 ................................................... 5

    B.   THE COMPETING MOTIONS SHOULD BE DENIED ..................... 7

III. CONCLUSION ................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
   No. 12 Civ. 1203 (PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ............ 2, 4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................. 1, 3, 4, 7

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP (PJWx),
   2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ....................................................... 3, 6

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................ 6

*Nicolow v. Hewlett Packard Co.*,
   No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .................. 2, 4, 5

*Shreves v. Xunlei Ltd.*,
   Nos. CV-15-04288-MWF (ASx), *et al.*,
   2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) ..................................................... 5, 6

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................... *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
   *reprinted in* 1995 U.S.C.C.A.N. 730 ................................................................. 3, 6

Presumptive Lead Plaintiff Arkansas Teacher Retirement System ("Arkansas Teacher") respectfully submits this Memorandum in opposition to the competing motions for appointment as Lead Plaintiff filed by Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund ("GCC Pension Fund") [ECF No. 10], Police Retirement System of St. Louis ("St. Louis Police") [ECF No. 12], Joseph Baione and Brian Horn (the "Baione-Horn Group") [ECF No. 22], and Lloyd Sigman ("Mr. Sigman") [ECF No. 18] and in further support of Arkansas Teacher's motion for appointment as Lead Plaintiff (the "Motion") [ECF No. 17].[1]

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws and requires courts to appoint as lead plaintiff the movant asserting the largest financial interest in the litigation who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) ("The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff."). Here, Arkansas Teacher unquestionably asserts the largest financial interest in this litigation of any movant before the Court and has exceeded the *prima facie* showing of typicality and adequacy required by the PSLRA. As such, Arkansas Teacher's appointment is appropriate under the analysis required by the PSLRA and the Ninth Circuit. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729 n.2.

***First***, with losses of approximately ***$1,761,319*** on a last-in, first-out ("LIFO") basis—the most widely used method for assessing financial interest under the

---

[1] Unless otherwise indicated, all references to "ECF No. __" are to entries on the docket of *Longo v. OSI Systems, Inc., et al.*, No. 2:17-cv-08841-VAP-SK (C.D. Cal.).

PSLRA—Arkansas Teacher's financial interest is more than *three* times the size of the financial interest of all four other movants *combined* and is more than *six* times the size of the financial interest of the next largest movant:[2]

| **Movant** | **LIFO Losses** |
|---|---|
| *Arkansas Teacher* | *$1,761,319* |
| GCC Pension Fund | $258,610 |
| St. Louis Police | $159,603 |
| Baione-Horn Group | $36,775 [**UNTIMELY**][3] |
| Mr. Sigman | $25,308 [**UNTIMELY**] |

There is no doubt that Arkansas Teacher possesses the largest financial interest in this litigation.

*Second*, in addition to asserting the largest financial interest of any movant, Arkansas Teacher readily satisfies the typicality and adequacy requirements of Rule 23, and is perfectly situated to represent all class members. In fact, as a sophisticated

---

[2] LIFO is the preferred and most widely accepted methodology for calculating movants' financial interests under the PSLRA. *See, e.g.*, *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend . . . nationwide has been to use LIFO"); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted). The movants' losses are taken from their respective filings. *See* ECF Nos. 17 at 3 (Arkansas Teacher); 11 at 6-7 (GCC Pension Fund); 13 at 8 (St. Louis Police); 23 at 7 (Baione-Horn Group); and 19 at 6 (Mr. Sigman).

[3] In addition to asserting *de minimis* financial interests, the motions filed by the Baione-Horn Group and Mr. Sigman were untimely pursuant to this Court's standing order, which requires motions to be filed "by *4:00 p.m. on the date due*" and directs that "[a]ny documents 'e-filed' after 4:00 p.m. on the date due will be considered **untimely**." ECF No. 8 (emphasis in original). The Baione-Horn Group and Mr. Sigman filed their motions on February 5, 2018, at 8:01 p.m. and 4:24 p.m., respectively. Thus, the Baione-Horn Group's and Mr. Sigman's untimely motions should not be considered by the Court. *See id.*

1 institutional investor with prior service as a lead plaintiff under the PSLRA,
2 Arkansas Teacher is precisely the type of investor that Congress intended to
3 empower to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34
4 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the
5 role of institutional investors in class actions will ultimately benefit shareholders and
6 assist courts by improving the quality of representation in securities class actions");
7 *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3
8 (C.D. Cal. Mar. 2, 2012) (Pregerson, J.) (recognizing that "institutional investors
9 [are] exactly the type of sophisticated market participants Congress intended to take
10 on the role of lead plaintiff following the PSLRA's reforms"). Moreover, Arkansas
11 Teacher has selected highly experienced and competent counsel to pursue the class's
12 claims against Defendants. *See* ECF No. 17 at 12-14.

***Third***, because there is no "proof" to rebut Arkansas Teacher's presumptive status as the most adequate plaintiff under the PSLRA, Arkansas Teacher is entitled to appointment as Lead Plaintiff and the competing motions must be denied. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'").

Accordingly, Arkansas Teacher respectfully requests that the Court grant its Motion in its entirety and deny the competing motions.

**II. ARGUMENT**

**A. Arkansas Teacher Should Be Appointed Lead Plaintiff**

Under the PSLRA, the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see*

*also Cavanaugh*, 306 F.3d at 729 ("While [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous. . . ."). The process is sequential and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *see also Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and that the PSLRA requires "proof" to rebut the presumption). Because Arkansas Teacher is the presumptively most adequate plaintiff to represent the class and no "proof" exists that could rebut that presumption, Arkansas Teacher is entitled to appointment as Lead Plaintiff.

### 1. Arkansas Teacher Has the Largest Financial Interest

In determining whether a movant has the largest financial interest in the litigation, courts in this Circuit and across the country routinely look to the movant's asserted losses. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4 ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted); *Kinross*, 2012 WL 2025850, at *3 ("the overwhelming trend . . . nationwide has been to use LIFO to calculate such losses").

Based on each movant's respective submissions to the Court, it cannot be disputed that Arkansas Teacher suffered the largest loss in connection with its Class Period transactions in OSI securities, and thus, possesses the largest financial interest in this litigation:[4]

---

[4] The Baione-Horn Group and Mr. Sigman's motions are included to illustrate Arkansas Teacher's dominant financial interest. Arkansas Teacher does not concede that either untimely motion is properly before the Court. *See* ECF No. 8; *supra* at n.3.



As illustrated above, Arkansas Teacher's losses are ***more than three times*** the size of the four other movants' losses ***combined*** and are ***more than six times*** the size losses of the next largest movant, GCC Pension Fund. Accordingly, Arkansas Teacher—which suffered losses in connection with its investments in OSI's common stock and bonds—has "the largest financial interest in the relief sought by the class" and should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Nicolow*, 2013 WL 792642, at *4 (appointing movant with largest LIFO losses).

**2. Arkansas Teacher Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, Arkansas Teacher also satisfies the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Shreves v. Xunlei Ltd.*, Nos. CV-15-04288-MWF (ASx), *et al.*, 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (Fitzgerald, J.) (holding that a movant need only make "a prima facie showing that it satisfies" the typicality and adequacy requirements of Rule 23).

As demonstrated in its opening brief, Arkansas Teacher's claims are typical of the claims of the class. *See generally* ECF No. 17. Like all other class members, Arkansas Teacher: (1) purchased OSI securities (common stock and bonds) during

MOVANT ARKANSAS TEACHER RETIREMENT SYSTEM'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. Arkansas Teacher also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). With a loss that exceeds that of all other movants combined, Arkansas Teacher also has a sufficient interest in this case to ensure the vigorous prosecution of this litigation, and has demonstrated its commitment to prosecuting this action efficiently and in the best interests of the class. *See Shreves*, 2015 WL 5446935, at *3 (holding that the adequacy element is satisfied where: (a) the movant is "willing[] to vigorously represent the class's claims"; (b) "the movant's interests do not conflict with those of the class"; and (c) "the movant's counsel is capable and qualified"). Thus, Arkansas Teacher's interests are clearly aligned with other class members and there is no evidence of any conflicts.

Moreover, as a sophisticated institutional investor with more than $15 billion in assets under management, Arkansas Teacher is precisely the type of investor that Congress sought, through the enactment of the PSLRA, to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Feyko* 2012 WL 682882, at *3 ("institutional investors [are] exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms"); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (appointing Arkansas Teacher as lead plaintiff and noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted). In fact, Arkansas Teacher's ability to zealously represent the class is evident from its significant recoveries as lead plaintiff in, *inter*

*alia*: *In re Schering-Plough Corp./ENHANCE Securities Litigation*, No. 08-cv-397-ES-JAD (D.N.J.) (recovering $473 million for the class); *In re Williams Securities Litigation*, No. 4:02-cv-00072 (N.D. Okla.) (recovering $311 million for the class); *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-cv-3852 (S.D.N.Y.) (recovering $150 million for the class).

Because Arkansas Teacher possesses the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, Arkansas Teacher should be appointed as Lead Plaintiff.

### B.    The Competing Motions Should Be Denied

As set forth above, each of the four other movants claims losses substantially smaller than those suffered by Arkansas Teacher.  Moreover, no "proof" exists to rebut Arkansas Teacher's presumptive status as the most adequate plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'").  This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" lead plaintiff selection process.  *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").[5]

### III.    CONCLUSION

For the reasons set forth above and in its opening brief, Arkansas Teacher respectfully requests that the Court appoint Arkansas Teacher as Lead Plaintiff,

---

[5]    As noted above, the Baione-Horn Group and Mr. Sigman's motions should also be denied as untimely under this Court's standing order.  *See supra* at n.3.

approve Arkansas Teacher's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel and Kiesel Law LLP as Liaison Counsel for the class, and deny the competing motions.

Dated: February 12, 2018

Respectfully submitted,

**KIESEL LAW LLP**

*/s/ Helen Zukin*
Paul R. Kiesel
Helen Zukin
Jeffrey A. Koncius

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eli R. Greenstein
Jennifer L. Joost
Stacey M. Kaplan

*Counsel for Arkansas Teacher Retirement System and Proposed Lead Counsel for the Class*