**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
MAY 7, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Arkansas Teacher Retirement System, et al.,
Plaintiffs,
v.
OSI Systems, Inc., et al.,
Defendants.

2:17-cv-08841-VAP-SKx

**Order GRANTING Defendants' Motion to Dismiss (Doc. No. 48)**

Before the Court is a Motion to Dismiss the Consolidated Class Action Complaint filed by Defendants Deepak Chopra, Alan Edrick, Ajay Mehra, and OSI Systems, Inc. (collectively "Defendants"). (Doc. No. 48, "Motion"). After considering all papers filed in support of, and in opposition to, the Motion, and the arguments put forth at the hearing, the Court GRANTS Defendants' Motion and DISMISSES the Consolidated Class Action with leave to amend.

## I. BACKGROUND

Defendant OSI Systems, Inc. ("OSI") is a designer and manufacturer of specialized electronic systems related to homeland security, healthcare, defense, and aerospace. (Doc. No. 46, ¶ 1; *see* Doc. No. 48, at 2-3). Plaintiffs allege that Defendants made various misrepresentations and concealed wrongful conduct that artificially inflated or maintained the value



United States District Court
Central District of California

United States District Court
Central District of California

of OSI securities. (*See e.g.,* Doc. No. 46, ¶ 11). Plaintiffs claim OSI and its management (Defendants Deepak Chopra, Alan Edrick, and Ajay Mehra) concealed the fact that it obtained certain major foreign contracts through bribery and false representations. (*Id.*).

Specifically, Plaintiffs allege that in the wake of a decline in overall business prospects, Defendants announced a new contract with the government of Albania, which promised substantial revenue. (*Id.* at ¶ 8). Plaintiffs allege that Defendants continued to tout the success of the contract, despite a hidden arrangement where Defendants, through their Albanian subsidiary (“S2 Albania”), would enter into a profit sharing agreement with an Albanian dentist, Olti Peçini. (*Id.* at ¶ 11). Plaintiffs further allege that Defendants then transferred 49% of the subsidiary to an Albanian holding company for a nominal price without disclosing the transfer to investors. (*Id.* at ¶ 12-13).

This case originated as four separate actions, each alleging violations of federal securities laws; on March 1, 2018, the Court consolidated the cases and appointed Arkansas Teacher Retirement System as lead plaintiff. (Doc. No. 35). On May 4, 2018, Plaintiff Arkansas Teacher Retirement System and named plaintiff John A. Prokop filed the Consolidated Class Action Complaint on behalf of a putative class of holders of OSI securities, alleging the following two claims: (1) violations of Section 10(b) of the Securities Exchange Act, and (2) violations of Section 20(a) of the Securities Exchange Act. (Doc. No. 46).

United States District Court
Central District of California

## II. LEGAL STANDARD

Section 10(b) of the Securities Exchange Act of 1934 makes it unlawful for "any person . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). Securities Exchange Commission Rule 10b-5 provides that "[i]t shall be unlawful for any person . . . [t]o make any untrue statement of a material fact or to omit to state a material fact . . . in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5(b).

"There are six elements to a securities fraud claim under § 10(b) and Rule 10b-5: (1) a material misrepresentation or omission; (2) scienter (i.e., a wrongful state of mind); (3) a connection between the misrepresentation and the purchase or sale of a security; (4) reliance upon the misrepresentation (often established in 'fraud-on-the-market' cases via a presumption that the price of publicly-traded securities reflects all information in the public domain); (5) economic loss; and (6) loss causation." *Loos v. Immersion Corp.*, 762 F.3d 880, 886-87 (9th Cir. 2014). These elements are "strenuous but well established." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

United States District Court
Central District of California

"At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the [Private Securities Litigation Reform Act (PSLRA)]." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud claims "with particularity" but may allege "[m]alice, intent, knowledge, and other conditions of a person's mind . . . generally." Under the PSLRA, both falsity and scienter must be pled with particularity. *Zucco*, 552 F.3d at 990.

## III. DISCUSSION

Defendants move to dismiss, arguing that Plaintiffs' Consolidated Complaint fails to state a claim upon which relief can be granted because, under the heightened pleading standards for Plaintiffs' fraud claims, Plaintiffs do not allege an actionable misstatement or omission, cannot establish a strong inference of scienter, and fail to allege loss causation. (Doc. No. 48).

### A. Material Misrepresentation or Omission

For a misstatement or omission made by a defendant to be actionable, it must concern material facts. *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988); *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making an investment decision. *See TSC Indus., Inc.*, 426 U.S. at 449.

United States District Court
Central District of California

The Ninth Circuit has held that Rule 9(b) further requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," and that the allegations "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citations omitted). Similarly, the PSLRA requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B); *Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). Under the PSLRA, to plead falsity adequately, "a securities fraud complaint must now 'specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the 'statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is formed.'" *Zucco*, 552 F.3d at 990-91 (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)).

In their Opposition, Plaintiffs argue they have sufficiently stated a claim as to three categories of false and misleading statements: (1) statements regarding ownership of the Albanian subsidiary; (2) statements concerning the Albanian profit-sharing contract's profitability, status, reasons for suspension and reinstatement, and financial impact; and (3) statements

regarding success of Defendants' new "turnkey" business. (Doc. No. 53, at 17).

1. <u>Statements Regarding Ownership of the Albanian Subsidiary</u>

Plaintiffs identify two statements and one omission made by Defendants, arguing that each falsely misled investors into believing no one else owned stock in the Albanian subsidiary. First, Plaintiffs cite a credit agreement from Defendants and argue that Defendants made statements therein that they owned the Albanian subsidiary "free and clear of any security interest, mortgage, pledge, lien, encumbrance, claim or equity." (Doc. No. 46, ¶ 210). The first sentence of that paragraph in the agreement, however, clearly indicates that "on Schedule 3.12"[1] is a complete list of the companies' subsidiaries with a breakdown of ownership information. (*Id.*). Accordingly, Defendants' statements regarding the lack of encumbrances on their ownership interests (e.g., the 51% of the Albanian subsidiary that they do own) is not misleading. Additionally, Plaintiffs do not plead specifically how such ownership would have been material for their investment decisions. Thus, this statement is insufficient to demonstrate an actionable misstatement.

The second statement Plaintiffs identify regarding the Albanian subsidiary ownership is contained in a purchase agreement. (Doc. No. 46, at ¶ 219). In a paragraph entitled "Good Standing of Subsidiaries," Plaintiffs

[1] Plaintiffs neither attach Schedule 3.12 nor allege that it omits information regarding the true ownership of the Albanian subsidiary.

United States District Court
Central District of California

United States District Court
Central District of California

allege that the following language misstates Defendants' ownership of its Albanian subsidiary:

> Except as otherwise disclosed in the General Disclosure Package and the Final Offering Memorandum, all of the issued and outstanding capital stock of each Subsidiary has been duly authorized and validly issued, is fully paid and non-assessable and is owned by the Company, directly or through subsidiaries, free and clear of any security interest, mortgage, pledge, lien, encumbrance, claim or equity. None of the outstanding shares of capital stock of any Subsidiary was issued in violation of the preemptive or similar rights of any security holder of such Subsidiary.

(*Id.*, emphasis removed). This language, however, similarly does not state that no one else owns stock in the Albanian subsidiary. Accordingly, Plaintiffs fail to plead an actionable misstatement based on the language in the purchase agreement.

Plaintiffs also argue that the sale of 49% of the Albanian subsidiary to an Albanian holding company was not publicly disclosed because it "written in Albanian on a foreign government website." (Doc. No. 53, at 8). The contract regarding the sale, however, is written in English, and Plaintiffs' complaint fails to allege specifically how the contract was otherwise obscured from investors. (*See* Doc. No. 46-4; Doc. No. 46, ¶¶ 316, 322).

2. <u>Statements Regarding the Albanian Profit-Sharing Contract and New "Turnkey" Business</u>

As Plaintiffs' second and third categories of alleged actionable statements are both premised on omissions, the Court addresses them together. Plaintiffs argue that the statements concerning the Albanian profit-sharing contract's profitability, status, reasons for suspension and

reinstatement, and financial impact were misleading by omission because they failed to disclose any of the facts regarding the "secret partnership" and profit-sharing agreement with Peçini and his Albanian holding company. (Doc. No. 53, at 9, 19-20). Similarly, Plaintiffs allege Defendants' statements regarding its new type of "turnkey" business were misleading because they omitted facts regarding the profit-sharing agreement. (*Id.* at 20).

Liability can arise not only from affirmative representations but also from failures to disclose material information. *SEC v. Dain Rauscher*, 254 F.3d 852, 855-56 (9th Cir. 2001). "Omissions are actionable under [§ 10(b)] and Rule 10b-5 thereunder only if the party omitting the fact had a duty to disclose that fact." *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1029-30 (C.D. Cal. 2008) (citing *Chiarella v. United States*, 445 U.S. 222, 230 (1980)). The antifraud provisions impose "'a duty to disclose material facts that are necessary to make disclosed statements, whether mandatory or volunteered, not misleading.'" *SEC v. Fehn*, 97 F.3d 1276, 1290 n.12 (9th Cir. 1996) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 504 (9th Cir. 1992)). "To be actionable under securities law, an omission must be misleading; in other words it must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). "[W]hen a plaintiff relies on a theory of omission, the plaintiff must allege 'facts going to the basis for the issuer's opinion . . . whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.'" *City of Dearborn Heights Act*

United States District Court
Central District of California

*345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615-16 (9th Cir. 2017) (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1332 (2015)).

Here, Plaintiffs have failed to identify Defendants' duty to disclose the profit-sharing agreement in connection with any of the alleged actionable omissions—a required element for pleading Section 10(b) violations by omission. *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d at 1029-30.

Additionally, to survive a motion to dismiss, Plaintiffs must identify statements by Defendants that "affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody*, 280 F.3d at 1006. Here, Plaintiffs have failed to satisfy the heightened pleading requirements under the PSLRA whereby they must "'specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the 'statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is formed.'" *Zucco*, 552 F.3d at 990-91 (quoting *Gompper*, 298 F.3d at 895). Plaintiffs Consolidated Complaint is instead, no more than "[a] litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements are false." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1070-72 (9th Cir. 2008) (upholding dismissal where the plaintiff failed to allege why each alleged actionable misstatement was false and instead included only a "conclusory statement that all of the preceding statements were false because they did not disclose certain information").

United States District Court
Central District of California

Accordingly, the statements identified by Plaintiffs, as currently pled, are not actionable material misrepresentations or omissions. The Court therefore GRANTS Defendants' Motion to Dismiss because Plaintiffs have failed to fulfill the first element of their Section 10(b) claim.

**B. Plaintiffs' Section 20(a) claim**

To establish a claim under Section 20(a), a plaintiff "must first prove a primary violation of underlying federal securities laws, such as Section 10(b) or Rule 10b-5, and then show that the defendant exercised actual power over the primary violator." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014). As the Court determined that Plaintiffs did not adequately plead a primary violation under Section 10(b) or Rule 10b-5, the Court declines to address Plaintiffs' Section 20(a) claim at this time.

## IV. CONCLUSION

The Court therefore GRANTS Defendants' Motion and DISMISSES Plaintiffs' Consolidated Class Action Complaint with leave to amend. Any amended complaint must be filed no later than June 3, 2019.

**IT IS SO ORDERED.**

Dated: 5/7/19

Virginia A. Phillips
Chief United States District Judge

United States District Court
Central District of California