**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORY LONGO, individually and on behalf of all others similarly situated, et al.<br><br>Plaintiffs,<br><br>v.<br><br>OSI SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. CV 17-8841 FMO (SKx)<br><br>**ORDER RE: PENDING MOTION** |

Having reviewed all the briefing filed with respect to defendants' Motion to Dismiss the First Amended Consolidated Class Action Complaint, (Dkt. 78, "Motion"), the court will deny the Motion without prejudice for referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Defendants requested judicial notice of approximately 58 exhibits. (See Dkt. 79, Request For Judicial Notice ("RJN"); Dkt. 80, Declaration of Whitney B. Weber in Support of Motion to Dismiss ("Weber Decl."), Accompanying Exhs.). Defendants argue that some of the exhibits should be considered on the basis of the incorporation-by-reference doctrine and some should be considered because they are the type of documents of which the court can properly take judicial notice. (See Dkt. 79, RJN at 2-13).

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018), cert. denied, 139 S.Ct. 2615 (2019) (internal quotation marks omitted). "[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. The "mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" Id. (internal citations and quotation marks omitted). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then the document did not necessarily form the basis of the complaint." Id.

The instant Motion reflects improper application of the incorporation-by-reference doctrine. See Khoja, 899 F.3d at 1002-03. As an example, defendants ask the court to incorporate by reference several documents they admit plaintiffs do not cite in the First Amended Consolidated Class Action Complaint ("FAC"). (See, e.g., Dkt. 79, RJN at 6) ("Although not explicitly quoted in the FAC, Plaintiffs clearly gleaned information regarding Defendants' stock transactions from OSI's publicly filed Forms 4 and proxy materials.") (internal quotation marks omitted). Moreover, defendants use many of these documents to "create[ ] a defense to the well-pled allegations in the complaint[.]" See Khoja, 899 F.3d at 1002. For example, defendants ask the court to consider Forms 4 and proxy statements "filed before the Class period" to rebut plaintiffs' contention that defendants' "stock sales were suspicious." (See Dkt. 79, RJN at 6 n. 1). Such documents, however, cannot be incorporated by reference because they are being used to support "a defense to the well-pled allegations in the complaint,". See Khoja, 899 F.3d at 1002.

As another example, defendants improperly ask the court to incorporate-by-reference documents to which the FAC made only brief reference. (See Dkt. 70, RJN at 3-5). Defendants request incorporation of several documents that are only briefly cited in the FAC: Exhibits 1, 2, 4, 6, 11, 16, 27, 36, 38, 42, 45, 47, 49, and 54. (See id.). But it is inappropriate for the court to incorporate documents that are merely mentioned in the FAC, and the court declines to do so. See Khoja, 899 F.3d at 1002.

Defendants also ask the court to take judicial notice of several documents they use to support their Motion. Facts subject to judicial notice are those which are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "A court must also consider – and identify – which fact or facts it is noticing" under Federal Rule of Evidence 201(b). Khoja, 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id. As an example, defendants cite copies of a decision by the Albanian government, (see Dkt. 78, Motion at 3; Dkt. 80, Weber Decl. at ¶ 3; Dkt. 80-2, Exh. 2), Albanian law, (see Dkt. 78, Motion at 3; Dkt. 80, Weber Decl. at ¶ 4; Dkt. 80-3, Exh. 3), and the original Albanian contract, (see Dkt. 78, Motion at 3; Dkt. 80, Weber Decl. at ¶ 5; Dkt. 80-4, Exh. 4), for their truth despite the fact that plaintiffs dispute defendants' assertions based on these documents. In citing these documents, defendants contend that "the Albanian Council of Ministers determined that the proposal was in the public interest[;]" that the Albanian government solicited other proposals through a "competitive-bidding process[;]" and that the "eight percent incentive bonus" awarded to defendants was "consistent with Albanian law." (See Dkt. 78, Motion at 3). Plaintiffs dispute the assertions defendants make based on these documents. (See Dkt. 84, Plaintiffs' Opposition to Request for Consideration Under Incorporation-by-Reference Doctrine or by Judicial Notice ("Opp.") at 6; Dkt. 76, FAC at ¶¶ 92 & 94). Because defendants appear to use these documents for their truth and because plaintiffs dispute defendants' interpretation of the documents, the court declines to take judicial notice of these documents.

The instant Motion reflects "[t]he overuse and improper application of judicial notice[,]" see Khoja, 899 F.3d at 998, and the incorporation-by-reference doctrine. Indeed, the Ninth Circuit recently noted "a concerning pattern in securities cases like this one: exploiting [the doctrines of incorporation-by-reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." Id. When defendants in securities cases succumb to the "alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint," the result can be "premature dismissals of plausible claims

that may turn out to be valid after discovery." Id. "This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which plaintiffs do not yet have access." Id. That appears to be the dynamic at play in the instant Motion.

Given the number of documents defendants seek to have considered in connection with their Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); see, e.g., Columbia River People's Utility Dist. v. Portland Gen. Elec. Co., 40 F.Supp.2d 1152, 1153-54 (D. Or. 1999) (court has discretion whether to consider materials outside the pleadings and "convert the motion to dismiss to a motion for summary judgment"); Williams v. Cty. of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss the First Amended Consolidated Class Action Complaint **(Document No. 78)** is **denied without prejudice**.

2. Defendants shall file their Answer to the Complaint or a Rule 12(b)(6) motion without incorporating any documents by reference or attaching any exhibits no later than **March 26, 2020**.

Dated this 11th day of March, 2020.

/s/

Fernando M. Olguin
United States District Judge