LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  Whitney B. Weber (Bar No. 281160)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
E-mail: peter.wald@lw.com
       whitney.weber@lw.com

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  Mazamir Yousefi (Bar No. 313013)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290
E-mail: michele.johnson@lw.com
       mazamir.yousefi@lw.com

LATHAM & WATKINS LLP
  Nicholas J. Siciliano (*pro hac vice*)
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60618
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767
E-mail: nicholas.siciliano@lw.com

*Attorneys for Defendants*
*OSI Systems, Inc., Deepak Chopra,*
*Alan Edrick, and Ajay Mehra*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM and JOHN A. PROKOP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>OSI SYSTEMS, INC., DEEPAK CHOPRA, ALAN EDRICK, and AJAY MEHRA<br><br>Defendants. | Case No.: 2:17-cv-08841-FMO-SK<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Steven Kim] |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this Action respectfully request that the Court issue this Protective Order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Federal Rule of Evidence 502(d). The parties by and through their counsel hereby stipulate to the following terms governing the pre-trial phase of this action.

## I. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this Action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIV below (FILING UNDER SEAL), that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## II. GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets, customer pricing information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other

things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

1. <u>Action</u>: This lawsuit, captioned *Arkansas Teacher Retirement System et al v. OSI Systems, Inc. et al*, Case No. 2:17-cv-08841-FMO-SK (C.D. Cal.).

2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

4. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff or vendors to whom disclosure is reasonably necessary).

5.     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6.     Disclosure or Discovery Material: all items or information, regardless of the medium  or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7.     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8.     "HIGHLY CONFIDENTIAL" Information or Items: a supplemental designation to "CONFIDENTIAL" Information or Items, the disclosure of which the Producing Party reasonably and in good faith believes could seriously harm the competitive position of the Producing Party, such as, by way of illustrative example, current business plans, highly sensitive financial information, confidential regulatory submissions, or highly proprietary technical know-how or trade secrets. Any information that is derived from HIGHLY CONFIDENTIAL information also constitutes HIGHLY CONFIDENTIAL information to the extent the derived information embodies, contains, or discloses any HIGHLY CONFIDENTIAL information.

9.     In-House Counsel: attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

10.     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11.     Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have

appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including their support staff or vendors.

12. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

13. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial and the Parties reserve all rights to move to unseal or de-designate Protected Material during the course of the litigation.

## V. DURATION

The obligations described in this Order shall survive the termination or final

disposition of this Action.  Within ninety days after the final disposition of this Action, each Party shall return all Protected Material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material.  Upon written request of the Producing Party, the Receiving Party will certify that the Protected Material was returned or destroyed and will affirm that the Receiving Party has exercised best efforts not to retain any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.   This provision shall not prevent Counsel from retaining copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including email, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain, or attach thereto, Protected Material. Any such retained copies remain subject to this Order.

**VI.    DESIGNATING PROTECTED MATERIAL**

      1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, section VIII.2 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" ("CONFIDENTIAL Legend") or the legend "HIGHLY CONFIDENTIAL" ("HIGHLY CONFIDENTIAL Legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) to the extent practicable.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL Legend" or the "HIGHLY CONFIDENTIAL Legend" to each page that contains Protected Material. To the extent practicable, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For deposition testimony, Parties shall give advance notice if they expect a deposition or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing Protected Material shall have a legend on the title page noting the presence of Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the thirty-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL unless otherwise agreed. After the expiration of the thirty-day period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, including in native format, the Producing Party shall affix in a prominent place on the exterior of the container(s) or filename in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to

assure that the material is treated in accordance with the provisions of this Order. To the extent the material has already been publicly filed with the Court, the Designating Party shall be responsible for seeking to seal the material.

**VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1.   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.

2.   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

1.   <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Sections V and XVI below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.   Nothing in this Order shall be interpreted to prohibit or

prevent the Producing Party from using or discussing its own CONFIDENTIAL OR HIGHLY CONFIDENTIAL material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Protected Material shall not be deemed a waiver of the terms of the Order. If a Receiving Party or any of its representatives, including Counsel, inadvertently discloses any Protected Material to persons who are not authorized to use or possess such material or has actual knowledge that Protected Material is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the Receiving Party shall provide immediate written notice of the unauthorized use or possession to the Designating Party or Non-Party whose material is being used or possessed. The Receiving Party also shall follow the requirements in Section XII below.

2. <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of Record in this Action and employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

(c) Experts, consultants, or advisors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

(d) The Court and its personnel;

(e) Outside court reporters and their staff, and persons or entities that provide litigation support services such as photocopying, videotaping, translating,

preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium etc., and to whom disclosure is reasonably necessary for this Action;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

(g) The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or that the Court appoints; and

(i) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that if the witness is not a current employee of Defendant OSI and does not fall into any of the categories (a) to (h) above, then the deposing Party shall request that the witness sign the Agreement to Be Bound (attached as Exhibit A hereto) before being shown material designated CONFIDENTIAL. Unless otherwise agreed by the Designating Party or ordered by the Court, a witness who refuses to sign the Agreement to Be Bound (Exhibit A) will not be permitted to (i) keep or copy any CONFIDENTIAL information; or (ii) take any notes during the course of the deposition (including, but not limited to, during any breaks taken during the deposition). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

3. Disclosure of HIGHLY CONFIDENTIAL Information or Items. Unless permitted in writing by the Designating Party, a Receiving Party may disclose material designated HIGHLY CONFIDENTIAL without further approval only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action and employees of Outside Counsel of record to whom it is reasonably necessary to disclose the information for this Action;

(b)     In-House Counsel and their associated paralegals, legal assistants, and other staff members who have signed the Agreement to Be Bound (Exhibit A);

(c)     The Court and its personnel;

(d)     Outside court reporters and their staff, and persons or entities that provide litigation support services such as photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium etc., and to whom disclosure is reasonably necessary;

(e)     Professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

(f)     The author or recipient of a document containing the material, a custodian or other person who otherwise possessed or knew the information;

(g)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or that the Court appoints; and

(h)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A).

(i)     During their depositions, witnesses, and attorneys for witnesses, in the Action who have signed the Agreement to Be Bound (attached as Exhibit A hereto).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

4.      Procedures for Approving or Objecting to Disclosure of HIGHLY
CONFIDENTIAL Material to persons not already authorized by this Stipulated
Protective Order.  Unless agreed to in writing by the Designating Party:

(a)      A Party seeking to disclose any material designated HIGHLY
CONFIDENTIAL to any person not already authorized by the terms of this
Stipulated Protective Order must first make a written request to the Designating
Party providing the full name of the person or persons, and such person's current
and reasonably foreseeable future primary job duties and responsibilities in
sufficient detail to determine present or potential involvement in any competitive
decision-making.

(b)      A Party that makes a request pursuant to paragraph 4(a) may
disclose the Protected Material to the identified person(s) unless, within three
business days of delivering the request, the Party receives a written objection from
the Designating Party providing detailed grounds for the objection.

5.      All challenges to objections from the Designating Party shall proceed
under L.R. 37-1 through L.R. 37-4.

**IX.      AMENDMENT OF THE STIPULATED PROTECTIVE ORDER**

Nothing in this Stipulated Protective Order abridges the right of any person to
seek its modification by the Court in the future, or to object to or seek further
limitations on discovery that it believes to be otherwise improper or seek further or
different relief from the Court.

**X.      PROTECTED MATERIAL SUBPOENAED OR ORDERED
PRODUCED IN OTHER LITIGATION**

1.      Subpoenas and Court Orders.      This Order in no way excuses
noncompliance with a lawful subpoena or court order.  The purpose of the duties
described in this section is to alert the interested parties to the existence of this Order
and to give the Designating Party an opportunity to protect its confidentiality
interests in the court where the subpoena or order issued.

2.   <u>Notification Requirement</u>.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Party must:

(a)   Promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

(b)   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   Cooperate with all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

3.   <u>Wait For Resolution of Protective Order</u>.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court.

## XI.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) promptly make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, it must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## XIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection shall not, standing alone, constitute a waiver of any such privilege, work product, or other protection in this Action or in any other federal or state proceeding, provided that the Producing Party complies with the provisions of Rule 502(b) of the Federal Rules of Evidence. If a Producing Party learns that it has inadvertently produced or revealed information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege or protection, it shall promptly advise the Receiving Party and explain the basis for the claim. When a Producing Party gives notice that certain produced material is subject to a claim of privilege or other protection, the Receiving Party or Parties must (i) promptly return, sequester, or destroy the specified information and any copies it has, (ii) not use or disclose the information until the claim of privilege or protection is resolved, and (iii) take reasonable steps to retrieve the information if the Party disclosed it before being notified of the claim of privilege or protection. The Receiving Party may promptly present the information to the court under seal for a determination of the privilege or protection claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## XIV. FILING UNDER SEAL

Without written permission from the Designating Party or a Court order, a Party may not file in the public record in this Action any Protected Material. A Party seeking to file under seal any Protected Material must comply with Civil Local Rule 79-5, as clarified below. Filings may be made under seal only pursuant to a court

order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, the Party must explain the basis for confidentiality of the documents sought to be filed under seal. Because a Party other than the Designating Party will often be seeking to file Protected Information and may not be aware of the Designating Party's specific basis for its confidentiality designations, the Receiving Party's request to file Protected Material need only cite the Designating Party's stated basis for confidential treatment, and cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Following the Receiving Party's filed request to seal, the Designating Party must follow the procedures outlined in Local Rule 79-5.2.2. If a **Receiving Party's** request to file Protected Material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party **may file the material in the public record** unless (1) **the Designating Party** seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## XV.  MISCELLANEOUS

1.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## XVI.  FINAL DISPOSITION

The obligations described in this Order shall survive the termination or final disposition of this Action. Within 90 days after the final disposition of this action, each Party shall return all Protected Material to the Designating Party or destroy

such material. Upon written request of the Producing Party, the Receiving Party will certify that the Protected Material was returned or destroyed and will affirm that the Receiving Party has exercised best efforts not to retain any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. This provision shall not prevent Counsel from retaining copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including email, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain, or attach thereto, Protected Material. Any such archival copies remain subject to this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 15, 2021

LATHAM & WATKINS LLP

By: /s/ Peter A. Wald
    Peter A. Wald

*Attorneys for Defendants*
*OSI Systems, Inc., Deepak Chopra,*
*Alan Edrick, and Ajay Mehra*

Dated: June 15, 2021

KESSLER TOPAZ MELTZER CHECK LLP

By: /s/ Eli R. Greenstein
    Eli R. Greenstein

*Attorneys for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Plaintiff John A. Prokop and Lead*
*Counsel for the Putative Class*

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  June 15, 2021

LATHAM & WATKINS LLP

By: _/s/ Peter A. Wald_____
  Peter A. Wald

\* \* \*

**O R D E R**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _June 16, 2021_

THE HONORABLE STEVE KIM
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand this Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Arkansas Teacher Retirement System et al v. OSI Systems, Inc. et al*, Case No. 2:17-cv-08841-FMO-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　　[printed name]

Signature: _____
　　　　　　　[signature]

- 1 -