# EXHIBIT 1

**EXECUTION VERSION**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CORY LONGO, individually and on behalf of all others similarly situated, et al., | Case No. 2:17-cv-08841-FMO-SKx |
| Plaintiffs, | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| v. | |
| OSI SYSTEMS, INC., et al., | |
| Defendants. | Judge: Hon. Fernando M. Olguin |

EXECUTION VERSION

This Stipulation and Agreement of Settlement dated as of October 22, 2021 ("Stipulation") is entered into between: (a) Court-appointed Lead Plaintiff Arkansas Teacher Retirement System ("Lead Plaintiff"), on behalf of itself, named plaintiff John A. Prokop, and the Settlement Class (as defined below); and (b) OSI Systems, Inc. ("OSI" or the "Company"), Deepak Chopra, Alan Edrick, and Ajay Mehra (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), by and through their respective undersigned counsel, and embodies the terms and conditions of the Parties' settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Lead Plaintiff's Released Claims (defined below) against Defendants.

WHEREAS:

A.    On December 7, 2017, a putative securities class action complaint, styled *Longo v. OSI Systems, Inc.*, Case No. 2:17-cv-08841-FMO-SK, was filed in the United States District Court for the Central District of California ("Court") on behalf of certain purchasers of OSI securities. ECF No. 1. Thereafter, three related securities class action complaints were filed.

B.    By Order dated March 1, 2018, the Court: (i) consolidated the four related actions into Case No. 17-cv-08841 VAP (SKx) for all purposes including trial; (ii) appointed Arkansas Teacher Retirement System as Lead Plaintiff; and (iii) approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel, and Kiesel Law, LLP as liaison counsel, for the proposed class. ECF No. 35. By the same Order, the Court directed Lead Plaintiff to file a consolidated class action complaint on or before March 15, 2018. That deadline was subsequently extended to May 4, 2018. ECF No. 44.

C.    On May 4, 2018, Lead Plaintiff and named plaintiff John A. Prokop (together, "Plaintiffs") filed the Consolidated Class Action Complaint for Violations of the Federal

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 of this Stipulation.

EXECUTION VERSION

Securities Laws ("Consolidated Complaint"). ECF No. 46. The Consolidated Complaint asserted claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder.

D.      Defendants moved to dismiss the Consolidated Complaint on July 3, 2018. ECF No. 48. Defendants also submitted a request for judicial notice in support of their motion. ECF No. 49. Plaintiffs opposed Defendants' motion to dismiss and request for judicial notice on August 30, 2018 (ECF Nos. 53 & 54), and Defendants filed replies in support of their motion to dismiss and request for judicial notice on October 1, 2018 (ECF Nos. 55 & 56). The Court heard oral argument on Defendants' motion to dismiss and request for judicial notice on April 22, 2019. ECF No. 67.

E.      By Order dated May 7, 2019, the Court granted Defendants' motion to dismiss, but provided Plaintiffs leave to file an amended complaint by June 3, 2019. ECF No. 71. This deadline was subsequently extended to June 13, 2019. ECF No. 75.

F.      On June 13, 2019, Plaintiffs filed the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("First Amended Complaint" or "Complaint"). ECF No. 76. The First Amended Complaint asserted claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder. The First Amended Complaint alleged that Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about OSI's business, operations, and prospects. The First Amended Complaint further alleged that the price of OSI common stock and OSI 1.25% convertible senior notes due 2022 (together, "OSI Securities") was artificially inflated during the period between August 21, 2013 and February 1, 2018, inclusive, as a result of Defendants' allegedly false or misleading statements, and declined when the relevant truth was revealed.

G.      Defendants moved to dismiss the First Amended Complaint on July 24, 2019. ECF No. 78. Defendants also submitted a request for judicial notice in support of their motion. ECF No. 79. Plaintiffs opposed Defendants' motion to dismiss and filed a response to Defendants' request for judicial notice on September 13, 2019. ECF Nos. 83 & 84.

Ex. 1
Pg. 4

H.     On October 4, 2019, this Action was transferred from the Honorable Virginia A. Phillips to the Honorable Fernando M. Olguin for all further proceedings. ECF No. 88.

I.     Defendants filed replies in support of their motion to dismiss and request for judicial notice on October 11, 2019. ECF Nos. 89 & 90.

J.     On March 11, 2020, the Court denied Defendants' motion to dismiss without prejudice for referencing materials outside the pleadings. ECF No. 106. By the same Order, the Court ordered that Defendants file an Answer to the First Amended Complaint or a Rule 12(b)(6) motion without incorporating any documents by reference or attaching any exhibits by March 26, 2020.

K.     In accordance with the Court's March 11, 2020 Order, Defendants filed a renewed motion to dismiss the First Amended Complaint. ECF No. 107.  On April 9, 2020, Plaintiffs filed their opposition to Defendants' renewed motion, and on April 16, 2020, Defendants filed a reply in support of their renewed motion. ECF Nos. 108 & 109.

L.     By Order dated March 31, 2021, the Court denied Defendants' renewed motion to dismiss in its entirety. ECF No. 111.

M.     Defendants answered the First Amended Complaint on April 23, 2021. ECF No. 114.

N.     Following the Court's ruling on Defendants' renewed motion to dismiss, the Parties commenced discovery and later began discussing the possibility of resolving the Action through settlement, ultimately agreeing to mediate before the Honorable Layn R. Phillips (Ret.) of Phillips ADR ("Judge Phillips"). A mediation session with Judge Phillips was scheduled for August 26, 2021. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues.

O.     The Parties were unable to resolve the Action at the August 26, 2021 mediation but agreed to continue their negotiations. Following additional hard-fought negotiations with the assistance of Judge Phillips, the Parties reached an agreement in principle to settle the Action – each side ultimately accepting a mediator's recommendation by Judge Phillips. The Parties memorialized their agreement to resolve the Action in a binding Confidential

1   Term Sheet executed on September 7, 2021 ("Term Sheet"). The Term Sheet sets forth,

2   among other things, the Parties' agreement to settle the Action and release all claims against

3   Defendants in return for a cash payment of $12,500,000 for the benefit of the Settlement

4   Class, subject to certain terms and conditions, and the execution of a customary "long form"

5   stipulation and agreement of settlement and related papers. This Stipulation (together with

6   the exhibits attached hereto) incorporates the Term Sheet's material provisions, reflects the

7   final and binding agreement between the Parties, and supersedes the Term Sheet.

8          P.     Based upon their investigation, prosecution, and mediation of the case, Lead

9   Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation

10  are fair, reasonable, and adequate to Plaintiffs and the other Settlement Class Members, and

11  in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this

12  matter and with the advice of Lead Counsel, Lead Plaintiff has agreed to settle and release

13  the Lead Plaintiff's Released Claims (as defined below) pursuant to the terms and

14  provisions of this Stipulation, after considering, among other things: (i) the substantial

15  financial benefit that Plaintiffs and the other Settlement Class Members will receive under

16  the proposed Settlement; (ii) the significant risks and costs of continued litigation and trial;

17  and (iii) the desirability of permitting the proposed Settlement to be consummated as

18  provided by this Stipulation.

19         Q.     This Stipulation constitutes a compromise of all matters that are in dispute

20  between the Parties. Defendants are entering into this Stipulation solely to eliminate the

21  uncertainty, burden, and expense of further protracted litigation. Each of the Defendants

22  denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be

23  evidence of or an admission or concession on the part of any of the Defendants with respect

24  to any claim or allegation of any fault, liability, or wrongdoing whatsoever, the

25  appropriateness of class certification, or the scope of damage, or any infirmity in the

26  defenses that Defendants have, or could have, asserted. Defendants expressly deny that

27  Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all

28  allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this

EXECUTION VERSION

Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Moreover, the Parties shall, in good faith, endeavor to communicate the terms of the Settlement in a manner that is respectful of the fact that no final adjudication was determined by a court or jury.

R.      NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of named plaintiff John A. Prokop and all other Settlement Class Members) and Defendants, by and through their respective undersigned counsel, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Lead Plaintiff's Released Claims as against the Released Defendants' Parties and all Defendants' Released Claims as against the Released Lead Plaintiff's Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated action captioned *Longo, et al. v. OSI Systems, Inc., et al.*, Case No. 2:17-cv-08841-FMO-SK (C.D. Cal.).

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who or which submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of the Court-approved Plan of Allocation.

(d)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit if that Claimant seeks to share in a distribution from the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(g)     "Claims Administrator" means A.B. Data, Ltd. ("A.B. Data"), the firm retained by Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to potential Settlement Class Members and processing Proof of Claim Forms.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Class Period" means the period between August 21, 2013 and February 1, 2018, inclusive.

(j)     "Complaint" or "First Amended Complaint" means the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws dated June 13, 2019.

(k)     "Court" means the United States District Court for the Central District of California.

(l)     "Defendants" means OSI Systems, Inc., Deepak Chopra, Alan Edrick, and Ajay Mehra.

(m)     "Defendants' Counsel" means the law firm of Latham & Watkins, LLP.

(n)     "Defendants' Released Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or

unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Defendants' Released Claims shall not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in any derivative action, including, without limitation, the claims asserted in *Riley v. Chopra, et al.*, No. 2:18-cv-03371-FMO (Skx) (C.D. Cal.), which has been appealed to the Ninth Circuit, or (iii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(o)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(p)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)    "Escrow Agent" means The Huntington National Bank.

(r)    "Exclusion Request Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Settlement Class Member must complete and submit to the Claims Administrator if that Settlement Class Member wishes to be excluded from the Settlement Class.

(s)    "Final" shall mean, with respect to the Judgment or, if applicable, the Alternate Judgment: (i) if an appeal or review is not sought by any person from the Judgment or the Alternate Judgment, the day following the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment or Alternate Judgment; or (ii) if an appeal or review is sought from the Judgment or the Alternate Judgment, the day after such Judgment or Alternative Judgment is no longer subject to further judicial review, including upon appeal or review by a writ of certiorari.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to:

(i) attorneys' fees, costs, or expenses; or (ii) the Plan of Allocation for the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternate Judgment, from becoming Final.

(t)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(u)     "Immediate Family Members" means, as defined in 17 C.F.R. §229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(v)     "Individual Defendants" means Deepak Chopra, Alan Edrick, and Ajay Mehra.

(w)     "Judgment" means the order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)     "Lead Counsel" means the law firm of Kessler Topaz Meltzer & Check, LLP.

(y)     "Lead Plaintiff" means Arkansas Teacher Retirement System.

(z)     "Lead Plaintiff's Released Claims" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff, named plaintiff John A. Prokop, or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, facts, representations, or omissions set forth in the Action and that relate to, or are in connection with, the purchase or acquisition of OSI Securities during the Class Period. Lead Plaintiff's Released Claims shall not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in any

1  derivative action, including, without limitation, the claims asserted in *Riley v. Chopra, et*

2  *al.*, No. 2:18-cv-03371-FMO (Skx) (C.D. Cal.), which has been appealed to the Ninth

3  Circuit; and (iii) any claims of any person or entity who or which submits a request for

4  exclusion from the Settlement Class that is accepted by the Court.

5      (aa)   "Liaison Counsel" means the law firm of Kiesel Law LLP.

6      (bb)   "Litigation Expenses" means costs and expenses incurred in connection

7  with commencing, prosecuting, and settling the Action, for which Lead Counsel intends to

8  apply to the Court for payment or reimbursement from the Settlement Fund.

9      (cc)   "Net Settlement Fund" means the Settlement Fund less: (i) Taxes;

10  (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

11  (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by

12  the Court.

13      (dd)   "Ninth Circuit" means the United States Court of Appeals for the Ninth

14  Circuit.

15      (ee)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed

16  Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation

17  Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be

18  mailed to Settlement Class Members.

19      (ff)   "Notice and Administration Costs" means the costs, fees, and expenses

20  that are incurred by the Claims Administrator and/or Lead Counsel in connection with:

21  (i) providing notices to the Settlement Class; and (ii) administering the Settlement,

22  including but not limited to the Claims process, as well as the costs, fees, and expenses

23  incurred in connection with the Escrow Account.

24      (gg)   "OSI" or the "Company" means OSI Systems, Inc.

25      (hh)   "OSI Securities" means OSI common stock and OSI 1.25% convertible

26  senior notes due 2022.

27      (ii)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself, named

28  plaintiff John A. Prokop, and the Settlement Class.

1         (jj)   "Plaintiffs" means Lead Plaintiff and John A. Prokop.

2         (kk)   "Plaintiffs' Counsel" means: (i) Lead Counsel; (ii) Liaison Counsel; and

3 (iii) additional counsel for Plaintiffs and the Settlement Class, Keil & Goodson P.A. and

4 Saxena White P.A.

5         (ll)   "Plan of Allocation" means the proposed plan of allocation of the Net

6 Settlement Fund set forth in the Notice or any other plan for allocating the Net Settlement

7 Fund as shall be approved by the Court.

8         (mm) "Preliminary Approval Order" means the order, substantially in the form

9 attached hereto as Exhibit A, to be entered by the Court preliminarily approving the

10 Settlement and directing that notice of Settlement be provided to the Settlement Class.

11         (nn)   "PSLRA" means the Private Securities Litigation Reform Act of 1995,

12 15 U.S.C. §§ 77z-1, 78u-4, as amended.

13         (oo)   "Released Claims" means all Defendants' Released Claims and all Lead

14 Plaintiff's Released Claims.

15         (pp)   "Released Defendants' Parties" means: Defendants and all of their

16 respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint

17 ventures, subcontractors, agents, assigns, auditors, accountants, attorneys, and all of their

18 respective past, present, and future officers, directors, fiduciaries, employees, members,

19 partners, principals, shareholders, and owners, in their capacities as such; and each of

20 Defendants' respective Immediate Family Members, or any trust of which any Individual

21 Defendant is a settlor or which is for the benefit of any Defendant and/or his or her

22 Immediate Family Members, and each of the heirs executors, administrators, predecessors,

23 successors, and assigns of the foregoing, in their capacities as such.

24         (qq)   "Released Lead Plaintiff's Parties" means: (i) Lead Plaintiff, named

25 plaintiff John A. Prokop, all other Settlement Class Members, and Plaintiffs' Counsel; and

26 (ii) each of their respective Immediate Family Members, and their respective past, present,

27 and future parent companies, subsidiaries, affiliates, divisions, joint ventures,

28 subcontractors, agents, assigns, auditors, accountants, attorneys, and all of their respective

past, present, and future officers, directors, fiduciaries, employees, members, partners, principals, shareholders, and owners, in their capacities as such.

(rr)    "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Lead Plaintiff's Parties.

(ss)    "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

(tt)    "Settlement" means the resolution of the Action in accordance with the provisions set forth in this Stipulation.

(uu)    "Settlement Amount" means $12,500,000 in cash to be paid pursuant to ¶ 9 of this Stipulation.

(vv)    "Settlement Class" means all persons and entities who purchased or otherwise acquired OSI common stock or 1.25% convertible senior notes due 2022 (collectively, "OSI Securities") between August 21, 2013 and February 1, 2018, inclusive, and were damaged thereby. Excluded from the Settlement Class are (a) Defendants; (b) members of the Individual Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (c) any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (d) present or former executive officers of OSI and their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); and (e) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(ww)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(xx)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

**EXECUTION VERSION**

1       (yy) "Settlement Website" means the website created specifically for the
2   Settlement on which the Notice, Claim Form, and Exclusion Request Form, as well as other
3   information related to the Action and the Settlement, will be posted.

4       (zz) "Summary Notice" means the Summary Notice of (I) Pendency of Class
5   Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for
6   Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as
7   Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

8       (aaa) "Taxes" means: (i) all federal, state, and/or local taxes of any kind
9   (including any interest or penalties thereon) on any income earned by the Settlement Fund;
10  and (ii) the expenses and costs incurred by Lead Counsel in connection with determining
11  the amount of, and paying, any taxes owed by the Settlement Fund (including, without
12  limitation, expenses of tax attorneys and accountants).

13      (bbb) "Term Sheet" means the Confidential Term Sheet executed by the Parties
14  on September 7, 2021 to memorialize their agreement to resolve the Action.

15                                 **CLASS CERTIFICATION**

16      2.    Solely for purposes of the Settlement, Defendants stipulate and agree to: (a)
17  certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the
18  Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead
19  Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead
20  Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal
21  Rules of Civil Procedure.

22                   **PRELIMINARY APPROVAL OF SETTLEMENT**

23      3.    Within five (5) business days of the execution of this Stipulation, and by no
24  later than October 22, 2021, Lead Plaintiff will move for preliminary approval of the
25  Settlement, authorization to provide notice of the Settlement to the Settlement Class, and
26  the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement,
27  which motion shall be unopposed by Defendants. Concurrently with the motion for
28  preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree

EXECUTION VERSION

1   to, entry of the Preliminary Approval Order, substantially in the form attached hereto as
2   Exhibit A.

3   **RELEASE OF CLAIMS**

4        4.     The obligations incurred pursuant to this Stipulation are (a) subject to approval
5   by the Court, and the Judgment (or the Alternate Judgment, if applicable) reflecting such
6   approval becoming Final; and (b) in consideration of the full and final disposition of the
7   Action with respect to the Releasees and any and all Released Claims provided for herein.

8        5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without
9   further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff, named
10   plaintiff John A. Prokop, and each of the other Settlement Class Members and Released
11   Lead Plaintiff's Parties, on behalf of themselves, and each of their respective heirs,
12   executors, administrators, predecessors, successors, and assigns in their capacities as such,
13   shall be deemed to have, and by operation of law and of the Judgment, or the Alternate
14   Judgment, if applicable, shall have, fully, finally, and forever compromised, settled,
15   released, resolved, relinquished, waived, and discharged all of Lead Plaintiff's Released
16   Claim against the Released Defendants' Parties, and shall permanently and forever be
17   barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting
18   others in the prosecution of any or all of the Lead Plaintiff's Released Claims against any
19   of the Released Defendants' Parties.

20        6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without
21   further action by anyone, upon the Effective Date of the Settlement, Defendants and
22   Released Defendants' Parties, on behalf of themselves, and each of their respective heirs,
23   executors, administrators, predecessors, successors, and assigns in their capacities as such,
24   shall be deemed to have, and by operation of law and of the Judgment, or the Alternate
25   Judgment, if applicable, shall have, fully, finally, and forever compromised, settled,
26   released, resolved, relinquished, waived, and discharged all of Defendants' Released
27   Claims against the Released Lead Plaintiff's Parties, and shall permanently and forever be
28   barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting

others in the prosecution of any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

7.    Lead Plaintiff, named plaintiff John A. Prokop, other Settlement Class Members, or Defendants may hereafter discover facts in addition to or different from those which any of them now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member, including named plaintiff John A. Prokop, shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment, if applicable, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff acknowledges, and named plaintiff John A. Prokop and Settlement Class Members shall be deemed by operation of the Judgement to have acknowledged, that the inclusion of unknown claims in the definitions of Lead Plaintiff's Released Claims and Defendants' Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

8.    Notwithstanding ¶¶ 5–7 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the full settlement of the Lead Plaintiff's Released Claims asserted against Defendants and the other Released Defendants' Parties, Defendants shall pay or cause to be paid $12,500,000 in cash into the interest-bearing Escrow Account, subject to the authority of the Court, within fifteen (15) business days of the later of: (1) the Court's entry of an order preliminary approving the Settlement; or (2) Lead Counsel's provision to Defendants' Counsel of information necessary to effectuate a transfer of funds to the Escrow Account, including, but not limited to, complete and accurate payment instructions and an executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.

## USE OF THE SETTLEMENT FUND

10.      The Settlement Fund shall, with the approval of the Court, or as provided in this Stipulation, be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-31 below.

11.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States government or fully insured by the United States government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States government. The Escrow

Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Defendants' Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j)(2), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Defendants' Parties shall have no liability or responsibility whatsoever for the payment of Taxes, or acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a "claims-made" settlement. Upon the occurrence of the Effective Date, neither Defendants nor any other person or entity who or which paid any portion of the Settlement Amount (including Defendants' insurance carriers) shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), and shall not have liability should claims made exceed the amount available in the Settlement Fund for payment of such claims. The Defendants and the other Released Defendants' Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund (except for the costs associated with providing shareholder/noteholder lists as set forth in ¶ 20 below and providing notice as required under the Class Action Fairness Action as set forth in ¶ 21 below).

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable, up to $200,000 ("Notice and Administration Costs Cap"). Payment of Notice and Administration Costs that exceed the Notice and Administration Costs Cap will require approval from the Court. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, Claim Form, and Exclusion Request Form, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of potential Settlement Class Members for noticing or forwarding the Notice, Claim Form, and Exclusion Request Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all

Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendants' Parties, or any other person or entity (including Defendants' insurance carriers) who or which funded any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.    Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for Litigation Expenses in an amount not to exceed $200,000, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Counsel other than what is set forth in this Stipulation.

17.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become final. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become final. The procedure for and the allowance or disallowance by the Court of any attorneys' fees or Litigation Expenses are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. An award of

attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or Litigation Expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein. Neither Lead Plaintiff nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. The Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the award or allocation of Plaintiffs' Counsel's attorneys' fees and/or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligations to (1) provide OSI's shareholder and noteholder lists as provided in ¶ 20 below, and (2) secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 9, above, none of Defendants, nor any of the other Released Defendants' Parties, shall have any involvement in or any responsibility, authority, or liability whatsoever with respect to: (i) the selection of the Claims Administrator; (ii) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator; (iii) the

development or application of the Plan of Allocation; (iv) the management, administration, investment, or disbursement of the Settlement; (v) the determination, administration, calculation, or payment of any Claims or the disbursement of the Net Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns. Defendants and the other Released Defendants' Parties shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, named plaintiff John A. Prokop, any other Settlement Class Members, or Plaintiffs' Counsel in connection with the foregoing. Counsel for the Parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice, Claim Form, and Exclusion Request Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days after the Court's entry of the Preliminary Approval Order, Defendants shall provide to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Lead Counsel, or the Claims Administrator, lists (consisting of names, addresses, and e-mail addresses (if available)) of the shareholders and noteholders of record of OSI Securities during the Class Period.

21.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before

1   the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed

2   with the Court proof, by affidavit or declaration, regarding compliance with CAFA

3   § 1715(b).

4          22.    The Claims Administrator shall receive Claims and determine first, whether

5   the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro*

6   *rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized

7   Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in

8   the Plan of Allocation included in the Notice attached hereto as Exhibit 1 to Exhibit A, or

9   in such other plan of allocation as the Court may approve).

10          23.    The Plan of Allocation is being proposed solely by Lead Counsel, subject to

11   the Court's approval. Defendants shall not object to the proposed Plan of Allocation. The

12   Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of

13   this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any

14   particular plan of allocation be approved by the Court. Lead Plaintiff and Plaintiffs' Counsel

15   may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any

16   appellate court's ruling with respect to the Plan of Allocation. Any objections or appeals

17   with respect to the Plan of Allocation (or other plan of allocation) will not affect the validity

18   or finality of the Settlement. Any order of the Court modifying or rejecting the Plan of

19   Allocation will not operate to terminate the Settlement or affect the finality or binding

20   nature of the Settlement. No Defendant, nor any other Released Defendants' Parties, shall

21   have any involvement with or liability, obligation, or responsibility whatsoever for the

22   application of the Court-approved Plan of Allocation.

23          24.    Any Settlement Class Member who does not submit a valid Claim will not be

24   entitled to receive any distribution from the Net Settlement Fund, but will otherwise be

25   bound by all of the terms of this Stipulation and the Settlement, including the terms of the

26   Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the

27   Releases provided for herein and therein, and will be permanently barred and enjoined from

28   bringing any action, claim, or other proceeding of any kind against the Released

Defendants' Parties with respect to the Lead Plaintiff's Released Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice. No Defendant, nor any other Released Defendants' Parties, shall have any involvement in the administrative decisions of the Claims Administrator or Lead Counsel with respect to the Claims received in connection with the Settlement.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants' Parties with respect to any of Lead Plaintiff's Released Claims. Provided that it is mailed by the

claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall provide the Claimant with a written communication, advising the Claimant that it may endeavor to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the Court. Defendants shall not take a position on the administrative determinations of the Claims Administrator.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in the Judgment, or Alternate Judgment, if applicable, and the Claim

will be subject to investigation and discovery under the Federal Rules of Civil Procedure; *provided*, *however*, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants or the other Released Defendants' Parties) or of the Settlement in connection with the processing of Claims.

28.   Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.   Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Lead Plaintiff's Released Claims.

30.   No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages consultant and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net

Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members (including named plaintiff John A. Prokop), other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

32.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

33.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

(d)    Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court does not approve the Settlement; (iv) the Judgment or Alternate Judgment (if any) does not or cannot become Final; or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Lead Plaintiff and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on September 7, 2021;

(c)     Neither Lead Plaintiff nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

(d)     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 38, 53, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or Alternate Judgment, if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(e)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the

Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36.     It is further stipulated and agreed that Defendants, provided they unanimously agree, and Lead Plaintiff, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement, or an Alternate Judgment; (d) the date upon which the Judgment is modified or reversed in any material respect by the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, for the avoidance of doubt, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.     In addition to the grounds set forth in ¶ 36 above, OSI shall also have the unilateral right to terminate the Settlement in the event that the opt-out threshold has been reached as discussed in subsection (a) of this paragraph below.

(a)     Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential supplemental agreement ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which OSI shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusions from the Settlement Class exceed certain agreed-upon criteria. The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein, in the Notice, and in Lead Plaintiff's briefing in support of the Settlement, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal, and will request that the Court afford it confidential treatment.

(b)     In the event of a termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become null and void and of no further force and effect, with the exception of this ¶ 37 and ¶¶ 15, 17, 35, 38, 53, and 58, which shall continue to apply.

## NO ADMISSION OF WRONGDOING

38.     Neither the Term Sheet, this Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any discussion, communication, negotiation, proceeding, or agreement relating

to the Term Sheet, the Settlement, the Stipulation, or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements:

(a)    shall be offered or received against or to the prejudice of any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration, civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of any of the Released Lead Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiff's Parties that any of their claims is without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the First Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiff's Parties, in any arbitration, civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted hereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles

of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    OSI warrants that, as to the payments made or to be made in connection with this Settlement, at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, was/were not insolvent, nor will the payment required to be made by or on behalf of it render it/them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof. This representation is made by OSI and not by its counsel or any other Defendant in this Action.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment, or Alternate Judgment, if applicable, entered in favor of Defendants and the other Released Defendants' Parties pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 35(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 35(e) above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff, named plaintiff John A. Prokop, and any other Settlement Class Members against the Released Defendants' Parties with respect to the Lead Plaintiff's Released Claims. Lead Plaintiff and Defendants agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and that the proposed judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Honorable Layn R. Phillips (Ret.), and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    The Parties agree that, except as expressly provided herein, or as may otherwise be required by law, in response to any media inquiry regarding the fact of settlement or the terms of the Settlement, or regarding the amount of any payments made or claims released pursuant to the Settlement, the Parties shall state only that the matter was resolved through settlement and shall provide no further comment, explanation, or description of the Settlement, other than a statement that the Settlement is in the best interests of the Parties. In addition, pending final settlement approval, each of the Parties shall not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way (i) undermining, defaming, or otherwise in any way reflecting adversely or detrimentally upon Lead Plaintiff, Defendants, or any of OSI's current and former directors, officers, representatives, or affiliates; or (ii) accusing or implying that Lead Plaintiff, Defendants, or any of OSI's current and former directors, officers, representatives, or affiliates engaged in any wrongful, unlawful, or improper conduct.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel, including determining any disputes as to any awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

53.     This Stipulation shall be interpreted in a neutral matter and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, the Supplemental Agreement, and any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Lead Plaintiff or Lead Counsel: | Kessler Topaz Meltzer & Check, LLP<br>Attn: Eli Greenstein, Esq.<br>One Sansome Street, Suite 1850<br>San Francisco, CA 94104<br>Telephone: (415) 400-3000 |

Facsimile: (415) 400-3001
Email: egreenstein@ktmc.com

If to Defendants:                Latham & Watkins, LLP
                                 Attn: Peter A. Wald, Esq.
                                 505 Montgomery Street, Suite 2000
                                 San Francisco, CA 94111-6538
                                 Telephone: (415) 391-0600
                                 Facsimile: (415) 395-8095
                                 Email: peter.wald@lw.com

57.   Except as otherwise provided herein, each Party shall bear its own costs.

58.   Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.   If disputes arise regarding the finalization of the settlement, those disputes will be resolved by the mediator, Hon. Layn R. Phillips (Ret.) of Phillips ADR, first by way of telephonic or video mediation, and, if unsuccessful, then by way of final, binding, non-appealable resolution.

60.   No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

EXECUTION VERSION

1   **IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be

2   executed, by their duly authorized attorneys, as of October 22, 2021.

3                                   **KESSLER TOPAZ**
                                    **MELTZER & CHECK, LLP**
4

5                                   _____

6                                   ELI R. GREENSTEIN (Bar No. 217945)

7                                   egreenstein@ktmc.com
                                    STACEY M. KAPLAN (Bar No. 241898)
8                                   skaplan@ktmc.com
                                    One Sansome Street, Suite 1850
9                                   San Francisco, CA 94104
                                    Telephone: (415) 400-3000
10                                  Facsimile: (415) 400-3001

11
                                    *Counsel for Lead Plaintiff Arkansas Teacher*
12                                  *Retirement System and Lead Counsel for the*
                                    *Settlement Class*
13

14                                  **KIESEL LAW LLP**
                                    PAUL R. KIESEL (Bar No. 119854)
15                                  kiesel@kiesel.law
                                    JEFFREY A. KONCIUS (Bar No. 189803)
16                                  koncius@kiesel.law
                                    CHERISSE HEIDI A. CLEOFE (Bar No. 290152)
17                                  cleofe@kiesel.law
                                    8648 Wilshire Boulevard
18                                  Beverly Hills, CA 90211
                                    Telephone: (310) 854-4444
19                                  Facsimile: (310) 854-0812

20
                                    *Liaison Counsel for the Settlement Class*
21

22                                  **KEIL & GOODSON P.A.**
                                    MATT KEIL (*pro hac vice*)
23                                  mkeil@kglawfirm.com
                                    406 Walnut Street
24                                  Texarkana, AR 71854
                                    Telephone: (870) 772-4113
25                                  Facsimile: (870) 773-2967

26
                                    **SAXENA WHITE P.A.**
27                                  MAYA SAXENA
                                    msaxena@saxenawhite.com
28

                                    35

1      JOSEPH E. WHITE, III
             jwhite@saxenawhite.com
2      LESTER R. HOOKER (Bar No. 241590)
             lhooker@saxenawhite.com
3      5200 Town Center Circle, Suite 601
             Boca Raton, FL 33486
4      Telephone: (561) 394-3399
             Facsimile: (561) 394-3382
5

6      *Additional Counsel*

7

8      **LATHAM & WATKINS LLP**

9

10     PETER A. WALD (Bar No. 85705)
            peter.wald@lw.com
11     WHITNEY B. WEBER (Bar No. 281160)
            whitney.weber@lw.com
12     505 Montgomery Street, Suite 2000
            San Francisco, CA 94111
13     Telephone: (415) 391-0600
            Facsimile: (415) 395-8095
14

15     NICHOLAS J. SICILIANO (*pro hac vice*)
            nicholas.siciliano@lw.com
16     330 North Wabash Ave., Suite 2800
            Chicago, IL 60618
17     Telephone: (312) 876-7700
            Facsimile: (312) 993-9767
18

19     -and-

20     MICHELE D. JOHNSON (Bar No. 198298)
            michele.johnson@lw.com
21     MAZAMIR YOUSEFI (Bar No. 313013)
            mazamir.yousefi@lw.com
22     650 Town Center Drive, 20th Floor
            Costa Mesa, CA 92626
23     Telephone: (714) 540-1235
            Facsimile: (714) 755-8290
24

25     *Attorneys for Defendants*
            *OSI Systems, Inc., Deepak Chopra,*
26     *Alan Edrick, and Ajay Mehra*

27

28

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CORY LONGO, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OSI SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 2:17-cv-08841-FMO-SKx<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, (a) Court-appointed Lead Plaintiff Arkansas Teacher Retirement System, on behalf of itself, named plaintiff John A. Prokop, and the Settlement Class (as defined below); and (b) OSI Systems, Inc. ("OSI" or the "Company"), Deepak Chopra, Alan Edrick, and Ajay Mehra (collectively, "Defendants") have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated October 22, 2021 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order certifying the Settlement Class for purposes of settlement, preliminarily approving the Settlement in accordance with the Stipulation,

1  and directing notice of the Settlement to Settlement Class Members as more fully described
2  herein;

3  WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for,
4  among other things, certification of the Settlement Class for purposes of settlement,
5  preliminary approval of the Settlement, and authorization to retain the Claims Administrator
6  (defined below) to provide notice of the Settlement to the Settlement Class, and the papers
7  filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits
8  attached thereto; and

9  WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall
10  have the same meaning as they have in the Stipulation;

11  NOW THEREFORE, IT IS HEREBY ORDERED:

12  1.  **<u>Proposed Class Certification for Settlement Purposes</u>** – The Parties have
13  proposed the certification of the following Settlement Class pursuant to Rules 23(a) and
14  (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the
15  proposed Settlement: all persons and entities who purchased or otherwise acquired OSI
16  common stock or 1.25% convertible senior notes due 2022 (collectively, "OSI Securities")
17  between August 21, 2013 and February 1, 2018, inclusive ("Class Period"), and were
18  damaged thereby. Excluded from the Settlement Class are (a) Defendants; (b) members of
19  the Individual Defendants' immediate families (as defined in 17 C.F.R. § 229.404,
20  Instructions (1)(a)(iii) and (1)(b)(ii)); (c) any person, firm, trust, corporation, officer,
21  director, or other individual or entity in which any Defendant has a controlling interest, or
22  which is related to or affiliated with any of the Defendants; (d) present or former executive
23  officers of OSI and their immediate families (as defined in 17 C.F.R. § 229.404, Instructions
24  (1)(a)(iii) and (1)(b)(ii)); and (e) the legal representatives, agents, affiliates, heirs,
25  successors-in-interest, or assigns of any such excluded party. Also excluded from the
26  Settlement Class are any persons and entities who or which submit a request for exclusion
27  from the Settlement Class that is accepted by the Court.

28

2

2.     **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to appoint Lead Plaintiff as Class Representative for the Settlement Class and to appoint Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

5.     **Final Approval Hearing** – The Court will hold a hearing ("Final Approval Hearing") on _____ \_\_, 2022 at \_\_:\_\_ \_.m. at the United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, or by video or telephonic conference (as set forth below), for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as Class Representative for the

3

Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Final Approval Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Final Approval Hearing be conducted telephonically or by video conference, that decision will be posted on the website, www.OSISystemsSecuritiesSettlement.com, as referenced in paragraph 7(c) of this Order. Any Settlement Class Member (or their counsel) who wishes to appear at the Final Approval Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. ("Claims Administrator") to supervise and administer the notice procedure in connection with the Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be provided as follows:

4

Ex. 1
Pg. 43

(a)     Defendants shall provide or cause to be provided to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Lead Counsel, or the Claims Administrator, lists (consisting of names, addresses, and e-mail addresses (if available)) of shareholders/noteholders of OSI Securities during the Class Period within five (5) business days of the date of entry of this Order;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, the Claim Form, and the Exclusion Request Form substantially in the forms attached hereto as Exhibits 1, 2 and 3, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Defendants, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice, the Claim Form, and the Exclusion Request Form to be posted on a website to be developed for the Settlement, from which copies of the Notice, the Claim Form, and the Exclusion Request Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Exclusion Request Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that

5

the mailing and distribution of the Notice, the Claim Form, and the Exclusion Request Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.   **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired OSI Securities during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which

6

reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.   **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11.   **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred (100) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

12.   Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims

7

Administrator with supervision by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

13.  Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be permanently and forever barred, enjoined, and estopped from commencing, maintaining, prosecuting, attempting to prosecute, or assisting in the prosecution of any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.  **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, themselves, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, to: *Longo, et al. v. OSI Systems, Inc. et al.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173136, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement

8

Class in *Longo, et al. v. OSI Systems, Inc. et al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.)"; (iii) state the number of shares of OSI common stock and/or number of OSI 1.25% convertible senior notes due 2022 that the person or entity requesting exclusion (A) owned as of the opening of trading on August 21, 2013 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/bonds, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. The Exclusion Request Form included in the Notice Packet and available on the Settlement Website may be used for requesting exclusion from the Settlement Class and to set forth the information necessary to request exclusion. Copies of all timely requests for exclusion from the Settlement Class received by the Claims Administrator shall be provided to Lead Counsel and Defendants' Counsel on a rolling basis within five (5) business days of receipt and no later than fourteen (14) calendar days prior to the Final Approval Hearing.

15.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be permanently and

9

forever barred, enjoined, and estopped from commencing, maintaining, prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all Lead Plaintiff's Released Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

17.   **<u>Appearance and Objections at Final Approval Hearing</u>** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may appear at the Final Approval Hearing at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by sending a letter to the Clerk of Court, at the address set forth in paragraph 18 below, stating his, her, their, or its intent to appear at the Final Approval Hearing, such that the letter is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. If a Settlement Class Member intends to have counsel appear on his, her, their, or its behalf at the Final Approval Hearing, the letter must identify all attorneys who will appear on the Settlement Class Member's behalf and the attorneys must send a notice of their intent to appear. Otherwise, Settlement Class Members will be represented by Lead Counsel.

18.   Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court. All written objections and supporting papers must: (i) clearly identify the case name and number (*Longo, et al. v. OSI Systems, Inc. et al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.)); (ii) be submitted to the Clerk of the Court at the United States District Court for the Central District of California, United States Courthouse, 350

10

W. 1st Street, Los Angeles, CA 90012; and (iii) be received no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member also must: (i) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of OSI common stock and/or number of OSI 1.25% convertible senior notes due 2022 that the objecting Settlement Class Member (A) owned as of the opening of trading on August 21, 2013 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/bonds, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who intend to appear and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or that does not make his, her, their, or its objection in the manner provided herein may be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and

Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars, enjoins, and estops Lead Plaintiff, named plaintiff John A. Prokop, and all other members of the Settlement Class from commencing, prosecuting, attempting to prosecute, or assisting others in prosecuting any of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

23. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order

12

1    shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class

2    Members, and Defendants, and the Parties shall revert to their respective positions in the

3    Action immediately prior to the execution of the Term Sheet on September 7, 2021, as

4    provided in the Stipulation.

5           26.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation

6    (whether or not consummated), including the exhibits thereto and the Plan of Allocation

7    contained therein (or any other plan of allocation that may be approved by the Court), any

8    discussion, communication, negotiation, proceeding, or agreement relating to the Term

9    Sheet, the Stipulation, the Settlement or any matter arising in connection with settlement

10   discussions, negotiations, proceedings, or agreements: (a) shall be offered or received

11   against or to the prejudice of any of the Released Defendants' Parties as evidence of, or

12   construed as, or deemed to be evidence of any presumption, concession, or admission by

13   any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead

14   Plaintiff or the validity of any claim that was or could have been asserted or the deficiency

15   of any defense that has been or could have been asserted in this Action or in any other

16   litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of

17   the Released Defendants' Parties or in any way referred to for any other reason as against

18   any of the Released Defendants' Parties, in any arbitration, civil, criminal, or administrative

19   action or proceeding, other than such proceedings as may be necessary to effectuate the

20   provisions of this Stipulation; (b) shall be offered or received against or to the prejudice of

21   any of the Released Lead Plaintiff's Parties, as evidence of, or construed as, or deemed to

22   be evidence of any presumption, concession, or admission by any of the Released Lead

23   Plaintiff's Parties that any of their claims is without merit, that any of the Released

24   Defendants' Parties had meritorious defenses, or that damages recoverable under the First

25   Amended Complaint would not have exceeded the Settlement Amount or with respect to

26   any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any

27   other reason as against any of the Released Lead Plaintiff's Parties, in any arbitration, civil,

28   criminal, or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve its opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Fernando M. Olguin
United States District Judge

14

EXHIBIT A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CORY LONGO, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>   v.<br><br>OSI SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 2:17-cv-08841-FMO-SKx |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired OSI Systems, Inc. ("OSI") common stock or 1.25% convertible senior notes due 2022 between August 21, 2013 and February 1, 2018, inclusive, and were damaged thereby ("Settlement Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff Arkansas Teacher Retirement System ("Lead Plaintiff"), on behalf of itself, named plaintiff John A. Prokop, and the Settlement Class, and Defendants OSI, Deepak Chopra, Alan Edrick, and Ajay Mehra (collectively, "Defendants") have reached a proposed settlement of the Action for $12,500,000 in cash ("Settlement"). The Settlement resolves Plaintiffs' claims that Defendants violated the federal securities laws by allegedly making materially false and/or misleading statements and failing to disclose material adverse facts about OSI's business, operations, and prospects. The claims being released by the Settlement are detailed in ¶¶ 4-18 herein.

---

[1]    All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on October 22, 2021 ("Stipulation"). The Stipulation can be viewed at www.OSISystemsSecuritiesSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Lead Counsel or the Claims Administrator.**

- **<u>Statement of the Settlement Class's Recovery</u>:** Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $12,500,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶ 37) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation that is approved by the Court. The plan of allocation being proposed by Lead Plaintiff ("Plan of Allocation") is attached hereto as Appendix A.

- **<u>Estimate of Average Amount of Recovery Per Share/Bond</u>:** Based on Lead Plaintiff's damages consultant's estimate of the number of shares of OSI common stock and the number of OSI 1.25% convertible senior notes due 2022 ("OSI Bonds" and together with OSI common stock, "OSI Securities") eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, taxes, and administration costs) per eligible share of OSI common stock will be approximately $0.72 and per eligible OSI Bond will be approximately $6.14. **Settlement Class Members should note, however, that the foregoing are only estimates.** Some Settlement Class Members may recover more or less than the average amount per share/Bond depending on: (i) when and the price at which they purchased/acquired their OSI Securities; (ii) whether they sold their OSI Securities; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

- **<u>Average Amount of Damages Per Share/Bond</u>:** The Parties do not agree on the average amount of damages per share of OSI common stock or per OSI Bond that would be recoverable if Plaintiffs prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

2

- **<u>Attorneys' Fees and Expenses Sought</u>:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP, has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or reimbursement of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund. Lead Counsel will also apply for payment of Plaintiffs' Counsel's Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $200,000. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of OSI common stock will be $0.19 and the average cost per eligible OSI Bond will be $1.63. **Please note that these amounts are only estimates**.

- **<u>Identification of Attorneys' Representatives</u>:** Lead Plaintiff and the Settlement Class are represented by Eli R. Greenstein, Esq. and Stacey M. Kaplan, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, Telephone: (415) 400-3000, Email: info@ktmc.com.

- **<u>Reasons for the Settlement</u>:** For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after full discovery, contested motions, a trial of the Action, and appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2022.** | This is the only way to be eligible to receive a payment from the Settlement. |

| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2022.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Released Defendants' Parties about the claims being released by the Settlement. |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2022.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2022 AT __:__ __.M.** | Ask to speak in Court at the Final Approval Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice.  Please Note: The date and time of the Final Approval Hearing – currently scheduled for _____ __, 2022 at __:__ .m. – is subject to change without further notice. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check www.OSISystemsSecuritiesSettlement.com, or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

4

| | |
|---|---|
| **WHAT THIS NOTICE CONTAINS** | |

| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| Why Is This A Class Action? | Page __ |
| Why Is There A Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
| Who Is Included In The Settlement Class? | Page __ |
| How Are Settlement Class Members Affected By The Action | |
| And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
| How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
| How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve | |
| The Settlement? Do I Have To Come To The Hearing?  May I | |
| Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Who Should I Contact If I Have | |
| Questions? | Page __ |
| Proposed Plan of Allocation of Net Settlement Fund Among | |
| Authorized Claimants | Appendix A |

| | |
|---|---|
| **WHY DID I GET THIS NOTICE?** | |

1.     You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired OSI common stock or OSI Bonds during the Class Period, and may be a Settlement Class Member. The Court directed that this Notice be sent to you to inform you of the terms of the proposed Settlement and about all of your options before the Court rules on the Settlement at or after the Final Approval Hearing. Additionally, you have the right to understand how this class action lawsuit may affect your legal rights.

2.     This Notice explains the Action, the Settlement, your legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

5

3.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.      OSI is a designer and manufacturer of specialized electronic systems and components for application in homeland security, healthcare, defense and aerospace. In this Action, Plaintiffs allege that, during the Class Period, OSI and certain of its executive officers during that time (i.e., Deepak Chopra, OSI's founder and, at all relevant times, OSI's President, Chief Executive Officer, and Chairman of the Company's Board of Directors; Alan Edrick, OSI's Executive Vice President and Chief Financial Officer at all relevant times; and Ajay Mehra, OSI's Executive Vice President, President of OSI Solutions Business, and a member of OSI's Board of Directors at all relevant times) made materially false and/or misleading statements and failed to disclose material adverse facts about OSI's business, operations, and prospects. More specifically, Plaintiffs allege that Defendants misled investors regarding the success and viability of OSI's "turnkey" business model and its announcement of an approximately $250 million turnkey contract with the Albanian government. Plaintiffs further allege that the Settlement Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

5.      On December 7, 2017, a putative securities class action complaint, styled *Longo v. OSI Systems, Inc.*, Case No. 2:17-cv-08841-FMO-SK, was filed in the Court on behalf of certain purchasers of OSI securities. Thereafter, three related securities class action complaints were filed. On March 1, 2018, the Court: (i) consolidated the four related actions for all purposes including trial; (ii) appointed Arkansas Teacher Retirement System as Lead Plaintiff; and (iii) approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel, and Kiesel Law, LLP as liaison counsel, for the proposed class.

6.      On May 4, 2018, Lead Plaintiff and named plaintiff John A. Prokop filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). The Consolidated Complaint asserted claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder.

7.      Defendants moved to dismiss the Consolidated Complaint on July 3, 2018. Defendants also submitted a request for judicial notice in support of their

**Ex. 1**
**Pg. 60**

motion. Defendants' motion to dismiss and request for judicial notice were fully briefed by the Parties. On April 22, 2019, the Court heard oral argument on Defendants' motion to dismiss and request for judicial notice. On May 7, 2019, the Court granted Defendants' motion, but provided Plaintiffs leave to amend the Consolidated Complaint.

8.     On June 13, 2019, Plaintiffs filed the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("First Amended Complaint"). The First Amended Complaint asserted claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

9.     Defendants moved to dismiss the First Amended Complaint on July 24, 2019. Defendants also submitted a request for judicial notice in support of their motion. Defendants' motion to dismiss and request for judicial notice were fully briefed by the Parties.

10.     On October 4, 2019, this Action was transferred from the Honorable Virginia A. Phillips to the Honorable Fernando M. Olguin for all further proceedings.

11.     On March 11, 2020, the Court denied Defendants' motion without prejudice for referencing materials outside the pleadings and ordered that Defendants file an Answer to the First Amended Complaint or a Rule 12(b)(6) motion without incorporating any documents by reference or attaching any exhibits.

12.     On March 26, 2021, Defendants filed a renewed motion to dismiss the First Amended Complaint. This motion was fully briefed by the Parties. By Order dated March 31, 2021, the Court denied Defendants' renewed motion to dismiss in its entirety.

13.     Defendants answered the First Amended Complaint on April 23, 2021.

14.     Following the Court's ruling on Defendants' renewed motion to dismiss, the Parties commenced discovery. Plaintiffs, among other things: (i) issued 56 document requests; (ii) served six interrogatories; (iii) served five document subpoenas on relevant third parties; (iv) obtained approximately 46,600 pages of documents; and (iv) reviewed Defendants' written discovery responses and production in response thereto. Similarly, Defendants issued 49 document requests to Plaintiffs, and Plaintiffs served extensive responses and objections to these requests.

15.     While discovery was ongoing, the Parties began discussing the possibility of resolving the Action through settlement, ultimately agreeing to mediate before the Honorable Layn R. Phillips (Ret.) of Phillips ADR ("Judge

7

Phillips"). A mediation session with Judge Phillips was scheduled for August 26, 2021. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues.

16.     Although the Parties were unable to resolve the Action at the August 2021 mediation, they agreed to continue their negotiations. Following additional hard-fought negotiations with the assistance of Judge Phillips, the Parties reached an agreement in principle to settle the Action – each side ultimately accepting a mediator's recommendation by Judge Phillips to resolve the Action for $12.5 million in cash. The Parties memorialized their agreement in principle to settle the Action in a binding term sheet executed on September 7, 2021.

17.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on October 22, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.OSISystemsSecuritiesSettlement.com.

18.     On _____ __, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS A CLASS ACTION?

19.     In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

20.     Lead Plaintiff and Lead Counsel believe that the claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims through full discovery, including complex and expensive foreign discovery in Albania, a country that opted out of the pretrial discovery provisions in Article 23 of the Hague Convention of Taking Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 241, a motion for class certification, summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing

liability and damages. Such risks include the potential challenges associated with proving that there were material misstatements in Defendants' public statements, and establishing significant damages under the securities laws.

21.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

22.     Defendants have denied and continue to deny the claims and allegations asserted against them in the Action, including that: they made materially false and/or misleading statements, they failed to disclose material adverse facts about OSI's business, operations, and prospects, and Lead Plaintiff or the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any Defendant in this or any other action or proceeding.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at class certification, summary judgment, trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

24.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

**All persons and entities who purchased or otherwise acquired OSI common stock or 1.25% convertible senior notes due 2022 between**

**August 21, 2013 and February 1. 2018 inclusive, and who were damaged thereby.**

Excluded from the Settlement Class are: (a) Defendants; (b) members of the Individual Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (c) any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (d) present or former executive officers of OSI and their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); and (e) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.OSISystemsSecuritiesSettlement.com, no later than _____ __, 2022.**

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

26.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

27.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

28.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and the other Released Defendants' Parties and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff, named plaintiff John A. Prokop, and each of the other Settlement Class Members and Release Lead Plaintiff's Parties, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of Lead Plaintiff's Released Claims (defined in ¶ 29 below) against the Released Defendants' Parties (defined in ¶ 30 below), and shall permanently and forever be barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

29.    "Lead Plaintiff's Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff, named plaintiff John A. Prokop, or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, facts, representations, or omissions set forth in the Action and that relate to, or are in connection with, the purchase or acquisition of OSI Securities during the Class Period. Lead Plaintiff's Released Claims shall not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in any derivative action, including, without limitation, the claims asserted in *Riley v. Chopra, et al.*, No. 2:18-cv-03371-FMO (Skx) (C.D. Cal.), which has been appealed to the Ninth Circuit, or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.    "Released Defendants' Parties" means: Defendants and all of their respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint ventures, subcontractors, agents, assigns, auditors, accountants, attorneys, and all of their respective past, present, and future officers, directors, fiduciaries, employees, members, partners, principals, shareholders, and owners, in their capacities as such; and each of Defendants' respective Immediate Family

11

Members, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or his or her Immediate Family Members, and each of the heirs executors, administrators, predecessors, successors, and assigns of the foregoing, in their capacities as such.

31.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and Released Defendants' Parties, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of Defendants' Released Claims (defined in ¶ 32 below) against the Released Lead Plaintiff's Parties (defined in ¶ 33 below), and shall permanently and forever be barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

32.     "Defendants' Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Defendants' Releases shall not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in any derivative action, including, without limitation, the claims asserted in *Riley v. Chopra, et al.*, No. 2:18-cv-03371-FMO (Skx) (C.D. Cal.), which has been appealed to the Ninth Circuit, or (iii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

33.     "Released Lead Plaintiff's Parties" means: (i) Lead Plaintiff, named plaintiff John A. Prokop, all other Settlement Class Members, and Plaintiffs' Counsel; and (ii) each of their respective Immediate Family Members, and their respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint ventures, subcontractors, agents, assigns, auditors, accountants, attorneys, and all of their respective past, present, and future officers, directors, fiduciaries, employees, members, partners, principals, shareholders, and owners, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

34.     To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.OSISystemsSecuritiesSettlement.com, no later than _____ __, 2022***. A Claim Form is included with this Notice, or you may obtain one at www.OSISystemsSecuritiesSettlement.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-999-1997 or by emailing info@OSISystemsSecuritiesSettlement.com. Please retain all records of your ownership of and transactions in OSI Securities, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in OSI Securities.

35.     If you request exclusion from the Settlement Class or do not submit a Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.     Pursuant to the Settlement, Defendants shall pay or cause to be paid $12,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) Taxes; (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

39.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility

for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

40.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

41.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to OSI Securities purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those OSI Securities purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible OSI Securities during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

42.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

44.     Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired OSI Securities during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

45.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. At the Final Approval Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

46.    Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $200,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

47.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a completed Exclusion Request Form (a copy of which is enclosed with this Notice) or a letter requesting exclusion addressed to: *Longo, et al. v. OSI Systems, Inc., et al.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173136, Milwaukee, WI 53217. The request for exclusion must be ***received* no later than _____ __, 2022**. You will not be able to exclude yourself from the Settlement Class after that date. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Longo, et al. v. OSI Systems, Inc. et al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.)"; (iii) state the number of shares of OSI common stock and/or number of OSI Bonds that the person or entity requesting exclusion (A) owned as of the opening of trading on August 21, 2013 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/Bonds, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

48.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another

lawsuit, arbitration, or other proceeding relating to any Lead Plaintiff's Released Claim against any of the Released Defendants' Parties. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Lead Plaintiff's Released Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

49.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

50.    OSI has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

51.    **Settlement Class Members do not need to attend the Final Approval Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Final Approval Hearing.**

52.    **Please Note**: The date and time of the Final Approval Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Final Approval Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the website, www.OSISystemsSecuritiesSettlement.com, before making any plans to attend the Final Approval Hearing. Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.OSISystemsSecuritiesSettlement.com. If the Court requires or allows**

16

**Settlement Class Members to participate in the Final Approval Hearing by
telephone or video conference, the information for accessing the telephone or
video conference will be posted to www.OSISystemsSecuritiesSettlement.com.**

53.   The Final Approval Hearing will be held on _____ __, 2022 at
__:__ _.m., before the Honorable Fernando M. Olguin, United States District Court
Judge for the Central District of California, either in person at the United States
Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012,
or by telephone or videoconference (in the discretion of the Court). The Court
reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's
request for an award of attorneys' fees and Litigation Expenses, and/or any other
matter related to the Settlement at or after the Final Approval Hearing without further
notice to the members of the Settlement Class.

54.   Any Settlement Class Member may object to the proposed Settlement,
the proposed Plan of Allocation, or Lead Counsel's request for an award of
attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by
filing an objection. You cannot ask the Court to order a different settlement. The
Court can only approve or reject the Settlement. If the Court denies approval of the
Settlement, no payments from the Settlement will be sent out and the Action will
continue. If that is what you want to happen, then you must object.

55.   Any objection to the proposed Settlement must be in writing and
submitted only to the Court. If you submit a timely written objection, you may, but
are not required to, appear at the Final Approval Hearing, either in person or through
your own attorney. If you appear through your own attorney, you are responsible for
hiring and paying that attorney. All written objections and supporting papers must:
(i) clearly identify the case name and number (*Longo, et al. v. OSI Systems, Inc. et
al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.)); (ii) be submitted to the Court
by mailing them to the Clerk of the Court at the United States District Court for the
Central District of California, United States Courthouse, 350 W. 1st Street, Los
Angeles, CA 90012; and (iii) be received no later than _____ __, 2022.

56.   Additionally, any objection must: (i) identify the name, address, and
telephone number of the person or entity objecting and be signed by the objector;
(ii) state with specificity the grounds for the Settlement Class Member's objection,
including any legal and evidentiary support the Settlement Class Member wishes to
bring to the Court's attention and whether the objection applies only to the objector,
to a specific subset of the Settlement Class, or to the entire Settlement Class; and
(iii) must include documents sufficient to prove membership in the Settlement Class,
including the number of shares of OSI common stock and/or number of OSI Bonds
that the objecting Settlement Class Member (A) owned as of the opening of trading

on August 21, 2013 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/Bonds, and prices of each such purchase/acquisition and sale.[2] **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

57.   If you wish to appear and speak about your objection at the Final Approval Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Final Approval Hearing in *Longo, et al. v. OSI Systems, Inc. et al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.) to the Clerk of Court at the address set forth in ¶ 55 above so that it is ***received*** **on or before _____ __, 2022**. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

58.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

59.   If you purchased or otherwise acquired OSI Securities between August 21, 2013 and February 1, 2018, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice, Claim Form, and Exclusion Request Form (together, the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to *Longo,*

---

[2]   Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

*et al. v. OSI Systems, Inc. et al.*, c/o A.B. Data, Ltd., P.O. Box 173136, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners you have identified on your list. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice, as well as the Claim Form and Exclusion Request Form, may also be obtained from the Settlement website, www.OSISystemsSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-877-999-1997, or by emailing the Claims Administrator at info@OSISystemsSecuritiesSetttlement.com.

| CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

60.     This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.OSISystemsSecuritiesSettlement.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, United States District Court for the Central District of California, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.OSISystemsSecuritiesSettlement.com.

61.     All inquiries concerning this Notice and the Claim Form should be directed to:

*Longo, et al. v. OSI Systems, Inc. et al*.
c/o A.B. Data, Ltd.
P.O. Box 173136
Milwaukee, WI 53217

1-877-999-1997
info@OSISystemsSecuritiesSettlement.com
www.OSISystemsSecuritiesSettlement.com

and/or

Kessler Topaz Meltzer & Check, LLP

Eli R. Greenstein, Esq.
Stacey M. Kaplan, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000
info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____ __, 2022          BY ORDER OF THE COURT
                                        United States District Court
                                        Central District of California

20

**APPENDIX A**

**Proposed Plan of Allocation of Net Settlement Fund
Among Authorized Claimants**

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.OSISystemsSecuritiesSettlement.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the First Amended Complaint. To that end, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of OSI common stock and the estimated amount of alleged artificial inflation in the per bond price of OSI Bonds[3] over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.

Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired OSI Securities during the Class Period (i.e., for OSI common stock, the period between August 21, 2013 and February 1, 2018, inclusive, and for

---

[3]     All OSI "per Bond" prices are in terms of per $1,000 par value.

OSI Bonds, the period between February 16, 2017, after the OSI Bonds were issued,[4] and the end of the Class Period, February 1, 2018, inclusive) and ***held such OSI Securities through at least one of the alleged corrective disclosures*** that removed the alleged artificial inflation related to that information. To that end, Lead Plaintiff's damages consultant identified two dates (December 6, 2017 and February 1, 2018) on which alleged corrective disclosures were made that removed alleged artificial inflation from the price of OSI Securities on December 6, 2017 and February 2, 2018.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.    For purposes of determining whether a Claimant has a "Recognized Claim," the purchases, acquisitions, and sales of OSI common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 5 below. Likewise, the purchases, acquisitions, and sales of OSI Bonds will also be matched on a FIFO bases.

2.    A "Recognized Loss Amount" will be calculated as set forth below for *each* share of OSI common stock purchased or otherwise acquired between August 21, 2013 and February 1, 2018, inclusive and for *each* OSI Bond purchased or otherwise acquired between February 16, 2017 and February 1, 2018, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's Recognized Claim.

3.    A Claimant's Recognized Loss Amount will be calculated as follows:

   a.   For each share of OSI common stock and each OSI Bond purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on December 6, 2017 (i.e., the date of the first alleged corrective disclosure), the Recognized Loss Amount is $0.

   b.   For each share of OSI common stock and each OSI Bond purchased or otherwise acquired during the Class Period and sold after the opening of trading on December 6, 2017, and prior to the close of

---

[4]    The OSI Bonds acquired by the Initial Purchasers as described in OSI's February 22, 2017 SEC Form 8-K are not eligible purchases/acquisitions under the Plan of Allocation.

trading on February 1, 2018, the Recognized Loss Amount shall be
***the lesser of***:

    i.   the dollar amount of alleged artificial inflation applicable to
each such share of OSI common stock or OSI Bond on the date
of purchase/acquisition as set forth in **Table 1** below ***minus*** the
dollar amount of alleged artificial inflation applicable to each
such share of OSI common stock or OSI Bond on the date of
sale as set forth in **Table 1** below; or

    ii.   the Out of Pocket Loss, calculated as the actual
purchase/acquisition price per share of OSI common stock or
OSI Bond (excluding taxes, commissions, and fees) ***minus*** the
per share or per Bond sale price of each such share of OSI
common stock or OSI Bond (excluding taxes, commissions,
and fees).[5]

c.   For each share of OSI common stock and each OSI Bond purchased
or otherwise acquired during the Class Period and sold after the
opening of trading on February 2, 2018, and before the close of
trading on May 2, 2018,[6] the Recognized Loss Amount shall be ***the
least of***:

    i.   the dollar amount of alleged artificial inflation applicable to
each such share of OSI common stock or OSI Bond on the date
of purchase/acquisition as set forth in **Table 1** below; or

    ii.   the actual purchase/acquisition price of each share of OSI
common stock or OSI Bond (excluding taxes, commissions,

---

[5]     To the extent that the calculation of an Out of Pocket Loss results in a negative
number reflecting a gain on the transaction, that number shall be set to zero.

[6]     May 2, 2018 represents the last day of the 90-day period subsequent to the
end of the Class Period, i.e., February 1, 2018 (the "90-day Look-Back Period;" the
period of February 2, 2018 through May 2, 2018). The PSLRA imposes a statutory
limitation on recoverable damages using the 90-day Look-Back Period. This
limitation is incorporated into the calculation of a Settlement Class Member's
Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized
Loss Amount cannot exceed the difference between the purchase price paid for the
respective OSI Security and the average price of that OSI Security during the 90-day
Look-Back Period if the OSI Security was held through May 2, 2018, the end of this

and fees) *minus* the respective 90-day Look-Back Value as set forth in **Table 2** below; or

    iii.  the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share of OSI common stock or OSI Bond (excluding taxes, commissions, and fees) *minus* the actual per share or per Bond sale price of each such share of OSI common stock or OSI Bond (excluding taxes, commissions, and fees).

    d.  For each share of OSI common stock or OSI Bond held as of the close of trading on May 2, 2018 (i.e., the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

      i.  the dollar amount of alleged artificial inflation applicable to each such share of OSI common stock or OSI Bond on the date of purchase/acquisition as set forth in **Table 1** below; or

      ii.  the actual purchase/acquisition price per share of OSI common stock or OSI Bond (excluding taxes, commissions, and fees) *minus* $64.44 per share of OSI common stock or $902.00 per OSI Bond (the average closing prices of the OSI Securities during the 90-day Look-Back Period as shown on the last line in **Table 2** below).

## ADDITIONAL PROVISIONS

    4.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 9 below) is $10.00 or greater.

    5.    If a Settlement Class Member has more than one purchase/acquisition or sale of OSI Securities during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis for each respective OSI Security. Class Period

---

period. Losses on OSI Securities purchased/acquired during the period between August 21, 2013 and February 1, 2018, inclusive, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the OSI Security and the average price of the respective OSI Security during the portion of the 90-day Look-Back Period elapsed as of the date of sale (the "OSI Common Stock 90-day Look-Back Value" and the "OSI Bond 90-day Look-Back Value"), as set forth in **Table 2** below.

sales will be matched first against any holdings of the OSI Security at the beginning of the Class Period, and then against purchases/acquisitions of the OSI Security, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

6.      Purchases/acquisitions and sales of OSI Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of OSI Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of the OSI Securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such OSI Security unless (i) the donor or decedent purchased or otherwise acquired such OSI Security during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such OSI Security; and (iii) it is specifically so provided in the instrument of gift or assignment.

7.      For OSI common stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the OSI common stock. The date of a "short sale" is deemed to be the date of sale of the OSI common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in OSI common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

8.      OSI common stock and OSI Bonds are the only securities eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell OSI common stock are not securities eligible to participate in the Settlement. With respect to OSI common stock purchased or sold through the exercise of an option, the purchase/sale date of the OSI common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of OSI common stock acquired during the Class

Period through the exercise of an option on OSI common stock[7] shall be computed as provided for other purchases of OSI common stock in the Plan of Allocation.

9.      The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

10.      After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

11.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Released Lead Plaintiff's Parties or Released Defendants' Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the

---

[7]      This includes (1) purchases of OSI common stock as the result of the exercise of a call option, and (2) purchases of OSI common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

**Ex. 1**
**Pg. 80**

Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

| TABLE 1 | | | |
|---|---|---|---|
| **Estimated Alleged Artificial Inflation in OSI Securities** | | | |
| **From** | **To** | **OSI Common Stock** | **OSI Bond** |
| August 21, 2013[*] | December 5, 2017 | $35.34 | $217.19 |
| December 6, 2017 | February 1, 2018 | $10.90 | $54.57 |
| [*]The OSI Bond was issued February 16, 2017. | | | |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| **OSI Common Stock 90 Day Look-Back Value and OSI Bond 90 Day Look-Back Value by Sale/Disposition Date (February 2, 2018 through May 2, 2018)** | | | | | |
| **Sale Date** | **OSI Common Stock Average Closing Price Between February 2, 2018 and Date Shown** | **OSI Bond Average Closing Price Between February 2, 2018 and Date Shown** | **Sale Date** | **OSI Common Stock Average Closing Price Between February 2, 2018 and Date Shown** | **OSI Bond Average Closing Price Between February 2, 2018 and Date Shown** |
| 2/2/2018 | $54.60 | $864.44 | 3/20/2018 | $63.30 | $888.39 |
| 2/5/2018 | $54.90 | $860.46 | 3/21/2018 | $63.43 | $888.39 |
| 2/6/2018 | $56.01 | $860.54 | 3/22/2018 | $63.48 | $889.67 |
| 2/7/2018 | $56.99 | $865.41 | 3/23/2018 | $63.51 | $889.67 |
| 2/8/2018 | $57.13 | $868.66 | 3/26/2018 | $63.55 | $889.67 |
| 2/9/2018 | $57.43 | $867.63 | 3/27/2018 | $63.55 | $889.67 |
| 2/12/2018 | $57.80 | $866.90 | 3/28/2018 | $63.55 | $889.67 |
| 2/13/2018 | $58.05 | $869.47 | 3/29/2018 | $63.60 | $890.65 |
| 2/14/2018 | $58.31 | $871.62 | 4/2/2018 | $63.56 | $891.36 |

27

**TABLE 2**

**OSI Common Stock 90 Day Look-Back Value and OSI Bond 90 Day Look-Back Value by Sale/Disposition Date (February 2, 2018 through May 2, 2018)**

| Sale Date | OSI Common Stock Average Closing Price Between February 2, 2018 and Date Shown | OSI Bond Average Closing Price Between February 2, 2018 and Date Shown | Sale Date | OSI Common Stock Average Closing Price Between February 2, 2018 and Date Shown | OSI Bond Average Closing Price Between February 2, 2018 and Date Shown |
|---|---|---|---|---|---|
| 2/15/2018 | $58.68 | $871.62 | 4/3/2018 | $63.58 | $892.00 |
| 2/16/2018 | $59.08 | $871.62 | 4/4/2018 | $63.58 | $892.00 |
| 2/20/2018 | $59.41 | $874.30 | 4/5/2018 | $63.60 | $892.63 |
| 2/21/2018 | $59.77 | $876.61 | 4/6/2018 | $63.58 | $893.01 |
| 2/22/2018 | $60.03 | $876.61 | 4/9/2018 | $63.57 | $893.01 |
| 2/23/2018 | $60.30 | $878.12 | 4/10/2018 | $63.59 | $893.41 |
| 2/26/2018 | $60.56 | $878.12 | 4/11/2018 | $63.62 | $894.02 |
| 2/27/2018 | $60.78 | $878.12 | 4/12/2018 | $63.68 | $894.95 |
| 2/28/2018 | $60.91 | $878.12 | 4/13/2018 | $63.74 | $895.48 |
| 3/1/2018 | $60.97 | $878.12 | 4/16/2018 | $63.80 | $896.44 |
| 3/2/2018 | $61.09 | $879.60 | 4/17/2018 | $63.90 | $897.60 |
| 3/5/2018 | $61.23 | $880.54 | 4/18/2018 | $64.00 | $898.40 |
| 3/6/2018 | $61.43 | $882.00 | 4/19/2018 | $64.07 | $898.40 |
| 3/7/2018 | $61.67 | $883.85 | 4/20/2018 | $64.15 | $898.40 |
| 3/8/2018 | $61.90 | $883.85 | 4/23/2018 | $64.22 | $899.29 |
| 3/9/2018 | $62.16 | $883.85 | 4/24/2018 | $64.28 | $899.29 |
| 3/12/2018 | $62.39 | $883.85 | 4/25/2018 | $64.34 | $900.19 |
| 3/13/2018 | $62.59 | $883.85 | 4/26/2018 | $64.40 | $900.89 |
| 3/14/2018 | $62.76 | $885.29 | 4/27/2018 | $64.39 | $900.89 |
| 3/15/2018 | $62.89 | $885.29 | 4/30/2018 | $64.38 | $900.89 |
| 3/16/2018 | $63.05 | $886.90 | 5/1/2018 | $64.41 | $901.39 |
| 3/19/2018 | $63.18 | $886.90 | 5/2/2018 | $64.44 | $902.00 |

28

EXHIBIT A-2

Exhibit A-2

***Longo, et al. v. OSI Systems, Inc., et al.***
c/o A.B. Data, Ltd.
P.O. Box 173136
Milwaukee, WI 53217

Toll-Free Number:  1-877-999-1997
Email:  info@OSISystemsSecuritiesSettlement.com
Website:  www.OSISystemsSecuritiesSettlement.com

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.OSISystemsSecuritiesSettlement.com, **postmarked (or received) no later than _____, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court,
the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT WWW.OSISYSTEMSSECURITIESSETTLEMENT.COM.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN OSI SYSTEMS, INC. COMMON STOCK** | __ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN OSI SYSTEMS, INC. 1.25% CONVERTIBLE SENIOR NOTIES DUE 2022 ("OSI BONDS")** | __ |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you read carefully the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Settlement Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      To recover under the Settlement, you must have **purchased or otherwise acquired OSI common stock or 1.25% convertible senior notes due 2022 (together, "OSI Securities") between August 21, 2013 and February 1, 2018, inclusive, and were damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 24 of the Notice.

3.      By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (defined in ¶ 24 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedules of Transactions in Part III and Part IV of this Claim Form to supply all required details of your transaction(s) in and holdings of OSI Securities. Please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of OSI Securities, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.    **Please note**: Only OSI Securities purchased or otherwise acquired during the Class Period (i.e., between August 21, 2013 and February 1, 2018, inclusive) are eligible under the Settlement. However, pursuant to the "90-day Look-Back period" (described in the Plan of Allocation set forth in the Notice), your sales of OSI Securities during the period from February 2, 2018 through and including the close of trading on May 2, 2018 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your claim, your transactions during the 90-day Look-Back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of OSI Securities set forth in the Schedules of Transactions in Part III and Part IV of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in OSI Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.    If your OSI Securities were owned jointly, all joint owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired OSI Securities during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired OSI Securities during the Class Period and the OSI Securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.    **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions

in OSI Securities made on behalf of a single beneficial owner.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the OSI Securities; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@OSISystemsSecuritiesSettlement.com, or by toll-free phone at 1-877-999-1997, or you can visit www.OSISystemsSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.    **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.OSISystemsSecuritiesSettlement.com,

or you may email the Claims Administrator's electronic filing department at info@OSISystemsSecuritiesSettlement.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@OSISystemsSecuritiesSettlement.com to inquire about your file and confirm it was received.**

## <u>IMPORTANT PLEASE NOTE:</u>

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-999-1997.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name     Beneficial Owner's Last Name

Co-Beneficial Owner's First Name     Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City     State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)     Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Page 6

Account Number (where securities were traded)[1]

|   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box)

Individual (includes joint owner accounts)          Pension Plan                    Trust

Corporation                                                      Estate

IRA/401K                                                          Other _____ (please specify)

---

[1]       If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

Page 7

**Ex. 1**
**Pg. 90**

## PART III – SCHEDULE OF TRANSACTIONS IN OSI COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information regarding securities other than OSI common stock. Information regarding OSI Bonds should be entered in Part IV – Schedule of Transactions in OSI Bonds.

| | |
|---|---|
| **1.  HOLDINGS AS OF AUGUST 21, 2013** – State the total number of shares of OSI common stock held as of the opening of trading on August 21, 2013. (Must be documented.)  If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Holding Position Enclosed<br>○ |

**2.  PURCHASES/ACQUISITIONS BETWEEN AUGUST 21, 2013 AND FEBRUARY 1, 2018, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of OSI common stock from after the opening of trading on August 21, 2013 through and including the close of trading on February 1, 2018.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 2, 2018 AND MAY 2, 2018** – State the total number of shares of OSI common stock purchased/acquired (including free receipts) from after the opening of trading on February 2, 2018 through and including the close of trading on May 2, 2018.  (Must be documented.)  If none, write "zero" or "0."[2]

_____

[2]     **Please note**:  Information requested with respect to your purchases/acquisitions of OSI common stock from after the opening of trading on February 2, 2018 through and including the

| 4.  SALES BETWEEN AUGUST 21, 2013 AND MAY 2, 2018, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of OSI common stock from after the opening of trading on August 21, 2013 through and including the close of trading on May 2, 2018. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5.  HOLDINGS AS OF MAY 2, 2018** – State the total number of shares of OSI common stock held as of the close of trading on May 2, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX:  □**

---

close of trading on May 2, 2018 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

## PART IV – SCHEDULE OF TRANSACTIONS IN OSI BONDS

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information regarding securities other than OSI Bonds. Information regarding OSI common stock should be entered in Part III – Schedule of Transactions in OSI Common Stock.

**1. HOLDINGS AS OF FEBRUARY 16, 2017**[3] – State the total number of OSI Bonds held as of the opening of trading on February 16, 2017. (Must be documented.) If none, write "zero" or "0." _____

Confirm Proof of Holding Position Enclosed ○

**2. PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 16, 2017 AND FEBRUARY 1, 2018, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of OSI Bonds from after the opening of trading on February 16, 2017 through and including the close of trading on February 1, 2018. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Bonds Purchased/ Acquired | Purchase/ Acquisition Price Per Bond | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 2, 2018 AND MAY 2, 2018** – State the total number of OSI Bonds purchased/acquired (including free receipts) from after the opening of trading on February 2, 2018 through and including the close of trading on May 2, 2018. (Must be documented.) If none, write "zero" or "0."[4] _____

---

[3]     OSI Bonds were issued on February 16, 2017.

[4]     **Please note**: Information requested with respect to your purchases/acquisitions of OSI

| 4. SALES BETWEEN FEBRUARY 16, 2017 AND MAY 2, 2018, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of OSI Bonds from after the opening of trading on February 16, 2017 through and including the close of trading on May 2, 2018. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Bonds Sold | Sale Price Per Bond | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| /    / |  | $ | $ | ○ |
| 5. HOLDINGS AS OF MAY 2, 2018 – State the total number of shares of OSI Bonds held as of the close of trading on May 2, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX:  □**

---

Bonds from after the opening of trading on February 2, 2018 through and including the close of trading on May 2, 2018 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

**Ex. 1**
**Pg. 94**

## <u>PART V - RELEASE OF CLAIMS AND SIGNATURE</u>

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of Lead Plaintiff's Released Claim (defined in ¶ 29 of the Notice) against the Released Defendants' Parties (defined in ¶ 30 of the Notice), and shall permanently and forever be barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting others in prosecuting of any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the OSI Securities identified in the Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of OSI Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim

Form as Lead Counsel, the Claims Administrator, or the Court may require;

       8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

       9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

       10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                    Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                            Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the*
*following also must be provided:*

_____

Signature of person signing on behalf of claimant                                                    Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor,
president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant
– *see* ¶ 10 on page ___ of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then each joint claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-999-1997.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@OSISystemsSecuritiesSettlement.com, or by toll-free phone at 1-877-999-1997 or you may visit www.OSISystemsSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.OSISYSTEMSSECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2022.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

***Longo, et al. v. OSI Systems, Inc., et al.***
**c/o A.B. Data, Ltd.**
**P.O. Box 173136**
**Milwaukee, WI 53217**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2022, is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**Ex. 1**
**Pg. 99**

EXHIBIT A-3

EXHIBIT A-3

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CORY LONGO, individually and on behalf of all others similarly situated, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>OSI SYSTEMS, INC., et al.,<br><br>          Defendants. | Case No. 2:17-cv-08841-FMO-SKx |

## EXCLUSION REQUEST FORM[1]

> **This is NOT a Claim Form. This Form should _only_ be used if you wish to EXCLUDE yourself from the Settlement Class in this Action. DO NOT use this Form if you wish to remain a part of the Settlement Class and participate in the Settlement.**

By completing and submitting this Exclusion Request Form, you are choosing to irrevocably request exclusion from, or "opt-out" of, the Settlement Class in the above-captioned securities class action ("Action").

By requesting exclusion from the Settlement Class, you will not be eligible to receive any payment from the Settlement, and you cannot object to the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and Litigation Expenses.

Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the claims being released by

---

[1]    This Exclusion Request Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of October 22, 2021 ("Stipulation"). Unless otherwise specified, all terms with initial capitalization not otherwise defined herein shall have the meanings set forth in the Stipulation, which can be obtained at www.OSISystemsSecuritiesSettlement.com.

the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

Once you request exclusion from the Settlement Class, you will receive no further communications regarding this Action, but for a confirmation that your Exclusion Request Form has been received.

For more information on the Action and the Settlement, please see the Notice accompanying this Exclusion Request Form or contact Lead Counsel: Eli R. Greenstein, Esq. or Stacey M. Kaplan, Esq., Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, 1-415-400-3000, info@ktmc.com; or the Claims Administrator, *Longo, et al. v. OSI Systems, Inc., et al.*, A.B. Data, Ltd., P.O. Box 173136, Milwaukee, WI 53217, 1-877-999-1997, info@OSISystemsSecuritiesSettlement.com.

## <u>INSTRUCTIONS</u>

To exclude yourself from the Settlement Class, you must fully complete and submit this Exclusion Request Form, or mail a written request for exclusion from the Settlement Class that includes the all of the requirements set forth in the Notice and requested herein, to the Claim Administrator, *Longo, et al. v. OSI Systems, Inc., et al.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173136, Milwaukee, WI 53217.

This Exclusion Request Form must be fully completed and received by the Claims Administrator ***no later than*** _____ \_\_*, 2022*. Exclusion Request Forms received after that date will not be accepted.

Name: _____

Address: _____

Telephone Number: _____

Email Address (option): _____

2

Please provide all of the following information for your OSI common stock. If you have more transactions than will fit on this form, please attach additional forms or additional sheets containing the required information:

| OSI COMMON STOCK | | |
|---|---|---|
| **1.  HOLDINGS AS OF AUGUST 21, 2013** – State the total number of shares of OSI common stock held as of the opening of trading on August 21, 2013.  (Must be documented.) If none, write "zero" or "0." _____ | | |
| **2.  PURCHASES/ACQUISITIONS BETWEEN AUGUST 21, 2013 AND FEBRUARY 1, 2018, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of OSI common stock from after the opening of trading on August 21, 2013 through and including the close of trading on February 1, 2018.  (Must be documented.) | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share |
| /     / | | $ |
| /     / | | $ |
| /     / | | $ |
| /     / | | $ |
| **3.  SALES BETWEEN AUGUST 21, 2013 AND FEBRUARY 1, 2018, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of OSI common stock from after the opening of trading on August 21, 2013 through and including the close of trading on February 1, 2018. (Must be documented.) | | |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share |
| /     / | | $ |
| | | $ |
| | | $ |
| | | $ |

**Ex. 1**
**Pg. 103**

Please provide all of the following information for your OSI Bonds. If you have more transactions than will fit on this form, please attach additional forms or additional sheets containing the required information:

| OSI BONDS | | |
|---|---|---|
| **1.  HOLDINGS AS OF FEBRUARY 16, 2017**[2] – State the total number of OSI Bonds held as of the opening of trading on February 16, 2017.  (Must be documented.)  If none, write "zero" or "0."  _____ | | |
| **2.  PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 16, 2017 AND FEBRUARY 1, 2018, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of OSI Bonds from after the opening of trading on February 16, 2017 through and including the close of trading on February 1, 2018.  (Must be documented.) | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Bonds Purchased/ Acquired | Purchase/ Acquisition Price Per Bond |
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |
| **3.  SALES BETWEEN FEBRUARY 16, 2017 AND FEBRUARY 1, 2018, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of OSI Bonds from after the opening of trading on February 16, 2017 through and including the close of trading on February 1, 2018. (Must be documented.) | | |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Bonds Sold | Sale Price Per Bond |
| /    / | | $ |
| | | $ |
| | | $ |
| | | $ |

---

[2]    OSI Bonds were issued on February 16, 2017.

4

**Ex. 1**
**Pg. 104**

# DECLARATION

I declare that I wish to request exclusion from the Settlement Class in *Longo, et al. v. OSI Systems, Inc. et al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.).

I understand that by submitting this Exclusion Request Form, I will be irrevocably excluded from the Settlement Class in the Action and will not be bound by its outcome. As a result, I will be not be able to participate in, or receive any part of, the Settlement or any settlement or any damages that may be awarded by the Court.

_____     _____
SIGNATURE                                                                  DATE

If you choose to exclude yourself from the Settlement Class in the Action, return your completed Exclusion Request Form to:

*Longo, et al. v. OSI Systems, Inc., et al.*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173136
Milwaukee, WI 53217

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL ABOUT THIS EXCLUSION REQUEST FORM, THE SETTLEMENT, OR THIS ACTION. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.** All questions should be directed to Lead Counsel or the Claims Administrator as set forth above.

# EXHIBIT A-4

**EXHIBIT A-4**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CORY LONGO, individually and on behalf of all others similarly situated, et al., | Case No. 2:17-cv-08841-FMO-SKx |
| Plaintiffs, | |
| v. | |
| OSI SYSTEMS, INC., et al., | |
| Defendants. | |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FINAL APPROVAL HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities who purchased or otherwise acquired OSI Systems, Inc. ("OSI") common stock or 1.25% convertible senior notes due 2022 (collectively, "OSI Securities") between August 21, 2013 and February 1, 2018, inclusive, and were damaged thereby ("Settlement Class"):**

### PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

**YOU ARE ALSO NOTIFIED** that Court-appointed Lead Plaintiff Arkansas Teacher Retirement System and Defendants OSI, Deepak Chopra, Alan Edrick, and Ajay Mehra have reached a proposed settlement of the Action on behalf of the

Settlement Class for $12,500,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Final Approval Hearing") will be held on _____, **2022 at __:__ _.m.**, before the Honorable Fernando M. Olguin, United States District Court Judge for the Central District of California, either in person at the United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, or by video or telephonic conference as the Court may order, to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated as of October 22, 2021 ("Stipulation") is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) whether Lead Counsel's motion for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of expenses in an amount not to exceed $200,000 should be approved. Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.OSISystemsSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. If you have not yet received the full printed Notice and Claim Form in the mail, you may obtain copies of these documents by: (i) contacting the Claims Administrator at *Longo, et al. v. OSI Systems, Inc., et al.*, Case No. 2:17-cv-08841-FMO-SKx (C.D. Cal.), c/o A.B. Data, Ltd., P.O. Box 173136, Milwaukee, WI 53217, 1-877-999-1997, info@OSISystemsSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.OSISystemsSecuritiesSettlement.com, or from Lead Counsel's website www.ktmc.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form ***postmarked (if mailed), or online via www.OSISystemsSecuritiesSettlement.com, no later than _____, 2022***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form,

you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than _____, 2022***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be ***received no later than _____, 2022***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Longo, et al. v. OSI Systems, Inc. et al.*
c/o A.B. Data, Ltd.
P.O. Box 173136
Milwaukee, WI 53217
1-877-999-1997
info@OSISystemsSecuritiesSettlement.com
www.OSISystemsSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Eli R. Greenstein, Esq.
Stacey M. Kaplan, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000

3

info@ktmc.com


DATED: _____ __, 2022          BY ORDER OF THE COURT
                                        United States District Court
                                        Central District of California

4

# EXHIBIT B

**Ex. 1**
**Pg. 111**

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

**WESTERN DIVISION**

11

CORY LONGO, individually and on behalf
of all others similarly situated, et al.,

Case No. 2:17-cv-08841-FMO-SKx

12
13

Plaintiffs,

14

v.

15

OSI SYSTEMS, INC., et al.,

**[PROPOSED] JUDGMENT
APPROVING CLASS ACTION
SETTLEMENT**

16

Defendants.

17
18

WHEREAS, the above-captioned action is pending in this Court ("Action");

19

WHEREAS, (a) Court-appointed Lead Plaintiff Arkansas Teacher Retirement

20

System, on behalf of itself, named plaintiff John A. Prokop, and the Settlement Class (as

21

defined below); and (b) OSI Systems, Inc. ("OSI" or the "Company"), Deepak Chopra,

22

Alan Edrick, and Ajay Mehra (collectively, "Defendants") have entered into the Stipulation

23

and Agreement of Settlement dated October 22, 2021 ("Stipulation"), that provides for a

24

complete dismissal with prejudice of the claims asserted in the Action on the terms and

25

conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

26

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein

27

shall have the same meaning as they have in the Stipulation;

28

1

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to certify the Settlement Class for purposes of the Settlement and (ii) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 ("Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 22, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____ __, 2022.

Ex. 1
Pg. 113

3.    **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired OSI common stock or 1.25% convertible senior notes due 2022 (collectively, "OSI Securities") between August 21, 2013 and February 1, 2018, inclusive, and were damaged thereby. Excluded from the Settlement Class are (a) Defendants; (b) members of the Individual Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (c) any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (d) present or former executive officers of OSI and their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); and (e) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. [Also excluded from the Settlement Class are any persons and entities listed on Exhibit 1 hereto who or which submitted a request for exclusion from the Settlement Class that has been accepted by the Court.]

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the

3

circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment[, except those persons listed on Exhibit 1 to this Judgment].

6. **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied and that the statutory waiting period for entry of this Judgment has elapsed.

7. **[Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects

4

(including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, named plaintiff John A. Prokop, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11.      **Releases** – The Releases set forth in paragraphs 5, 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff, named plaintiff John A. Prokop, and each of the other Settlement Class Members and Released Lead Plaintiff's Parties, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of Lead Plaintiff's Released Claims against the Released Defendants' Parties, and shall be permanently and forever barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Lead Plaintiff's Released Claims against any of the Released Defendants' Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants and Released Defendants' Parties, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of Released Defendants' Claim against the Released Lead Plaintiff's Parties, and shall be permanently and forever barred, enjoined, and estopped from prosecuting, attempting to prosecute, or assisting others in the prosecution of any or all of the Defendants' Released Claims against any of the Released Lead Plaintiff's Parties.

12.     Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Rule 11 Findings** – Pursuant to 15 U.S.C. §78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel have

complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.   **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any discussion, communication, negotiation, proceeding, or agreement relating to the Term Sheet, the Settlement, the Stipulation, or any matter arising in connection with settlement discussions, negotiations, proceedings, or agreements: (a) shall be offered or received against or to the prejudice of any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration, civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered or received against or to the prejudice of any of the Released Lead Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Lead Plaintiff's Parties that any of their claims is without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the First Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Lead Plaintiff's Parties, in any arbitration, civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the

7

amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it: (i) to effectuate the protections from liability granted thereunder; (ii) to support a defense or counterclaim in any action brought against them based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (iii) otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this

8

Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, named plaintiff John A. Prokop, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on September 7, 2021, as provided in the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Fernando M. Olguin
United States District Judge

9